HENSON v. BAXTER et al.   (No. 7902.)

(Court of Civil Appeals of Texas. Ft. Worth. March 21, 1914.)

1. APPEAL AND ERROR (§ 1032*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Even if questions to witnesses, in an action by lessors against a lessee for failure to cultivate in a proper manner, as he had agreed—was the land properly cultivated? was it neglected? how much cotton would have been produced on the land planted in cotton if it had been properly cultivated?—were improper, as calling for conclusions on a mixed question of law and fact, still, under Court of Civil Appeals rule 62a (149 S. W. x), putting on appellant the burden of showing that error in the course of the trial was such a denial of rights as was calculated to and probably did cause an improper judgment, allowing the questions, and admitting the answers, that in the opinions of the witnesses the farm was not properly cultivated, but was neglected, and, if properly cultivated, would have produced more cotton than it did, is not ground for reversal; the witnesses testifying to the facts on which their opinions were predicated, from which their conclusions necessarily followed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4047–4051; Dec. Dig. § 1032.*]

2. LANDLORD AND TENANT (§ 136*)—ACTION FOR IMPROPER CULTIVATION—EVIDENCE.

Proof of the amount of cotton raised on the land during the year following that for which it was leased is properly admitted, in an action by lessors against the lessee for failure to properly cultivate, as agreed; it being shown that the conditions for producing such a crop were as favorable during the first year as during the second.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 487–489; Dec. Dig. § 136.*]

3. TRIAL (§ 253*)—INSTRUCTIONS — IGNORING ISSUES.

Defendant's requested instruction, in an action by lessors against the lessee for failure to cultivate in a proper manner, as he had agreed, that no damages could be allowed for the part of the crop that died after it came up is erroneous in eliminating the issue of it having died of defendant's negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

4. TRIAL (§ 260*) — INSTRUCTIONS — REPETITION.

A requested instruction substantially covered by the court's charge need not be given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

5. LANDLORD AND TENANT (§ 150*)—INJURY TO REVERSION—LIABILITY OF TENANT.

A lessee having removed portions of a windmill on the premises to prevent one of his employés using it, and an effort of some one to use it in that condition causing it to break, the lessee is liable to the lessors for the cost of repairing it.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 536, 538, 544–548, 555, 556; Dec. Dig. § 150.*]

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Action by J. H. Baxter and others against P. R. Henson. Judgment for plaintiffs, and defendant appeals. Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Scarborough & Hickman, of Abilene, for appellant. Cunningham & Oliver, of Abilene, for appellees.

DUNKLIN, J. J. H. Baxter and others, plaintiffs in the trial court, leased a farm to P. R. Henson, defendant, for the year 1911. In this suit plaintiffs sought damages for the alleged failure of defendant to cultivate the farm in a proper manner, as he had agreed to do, and for negligently injuring a windmill situated on the farm. From a judgment against him, the defendant has appealed.

[1] Plaintiff introduced several witnesses who were experienced farmers, and who had observed the manner in which the farm had been cultivated, and propounded to them substantially the following questions, to be answered according to the opinions of the witnesses, respectively: Was the farm properly cultivated? Was it neglected? How much cotton would have been produced on the 140 acres planted in cotton if the land had been properly cultivated? In response to those questions, the witnesses stated in effect that in their opinions the farm was not properly cultivated; that it was neglected: and that, if the land planted in cotton had been properly cultivated, it would have produced more cotton than was raised thereon by Henson. To each of those questions and the answers thereto, defendant objected, upon the ground that the questions called for the conclusions of the witnesses upon a mixed issue of law and fact, which was the specific issue submitted to the jury, and the determination of which was exclusively the province of the jury.

The decision of our Supreme Court in H. & T. C. Ry. v. Roberts, 101 Tex. 418, 108 S. W. 808, is the leading authority cited in support of the assignment of error now under discussion. That was a suit for damages for negligent delay in a shipment of cattle, and upon the trial a witness who was an experienced shipper was permitted, over appellant's objection, to give his opinion as to "what is a reasonable time within which to transport a train of cattle from Llano to Fairfax when they are transported with ordinary care and diligence?" It was held that the question called for a conclusion of the witness upon a mixed question of law and fact, and therefore was improper. The decision was upon a certified question by the Court of Civil Appeals, and in the certificate from the latter court the following occurs: "The question was properly raised by an assignment of error, was material, and from the record it possibly influenced the verdict of the jury."

Reverting to the present case, we are inclined to the opinion that the questions shown above were designed to elicit the opinions of the witnesses upon the issue whether or not the land was cultivated in a good farmerlike manner, and that they were so understood by the witnesses in responding thereto. But it is unnecessary to determine that question, for we are of the opinion that, even though it should be held that the questions and answers come within the rule announced in Ry. v. Roberts, still the error in admitting them would not require a reversal of the judgment in view of rule 62a (149 S. W. x). As shown in the case last cited, it was stated in the certificate to the Supreme Court that the testimony there admitted "possibly influenced the verdict of the jury." That decision was rendered before the adoption of rule 62a, and under the old rule as established by a long line of decisions to the effect that an error would be presumed to be harmful in the absence of a showing to the contrary by the party in whose favor it was committed. Under rule 62a the burden is upon appellant to show that an error complained of was such a denial of the rights of appellant as was calculated to cause and probably did cause the rendition of an improper judgment in the case.

The witnesses in the present case all testified to the facts upon which their opinions, admitted over appellant's objections, were predicated, and, from those facts so detailed, the conclusions given necessarily follow that the cotton was not cultivated in a workmanlike manner. Those facts were chiefly that appellant permitted weeds to grow between the rows of cotton almost as high as the cotton, and that the crop grown upon the land was considerably inferior to cotton grown the same year on adjoining land of practically the same quality.

[2] Nor do we think that there was error, as urged by the second assignment, in permitting proof of the amount of cotton grown on the same land during the year 1912, as other testimony was introduced which tended to show that the conditions for producing such a crop during the year 1911 were practically as favorable as those prevailing during the year 1912, if not more so.

By one proposition submitted under this assignment it is insisted that evidence of amount of rents realized in 1912 was improper, for the reason that there was no proof that the prices of cotton during that year were the same as during the previous year. A sufficient answer to this is that the testimony set out in the bill of exceptions made the basis of the assignment was confined to the amount of cotton raised during the year 1912, and contained no reference to the prices realized therefrom.

[3, 4] Complaint is made of the refusal of appellant's requested instruction, in effect, that no damages could be allowed for that portion of the crop that died after it came up. The instruction was erroneous in eliminating the issue whether or not such loss of the cotton was due to negligence of appellant. Furthermore, the defense there suggested was substantially covered by the court's charge.

[5] It is insisted, further, that the court erred in refusing another requested instruction which was a summary instruction to allow no damages for injury to the windmill on the farm. This assignment must be overruled for, according to appellant's own testimony, he removed certain portions of the mill to prevent one of his employés from using it, and an effort of some one to use it in that condition caused the mill to break, and, according to the testimony of one of appellees, it cost some $18.50 to repair such breakage.

The judgment is affirmed.