GLENS FALLS INS. CO. OF GLENS FALLS, N. Y., v. MELOTT et al. (No. 6767.)

(Court of Civil Appeals of Texas. Galveston. Feb. 25, 1915.)

1. INSURANCE ☞648—FIRE INSURANCE—ACTIONS—EVIDENCE.

In an action on a fire policy defended on the grounds that the loss was caused by insured's act, and that she was not the sole owner, evidence that another insurance company which had issued a policy on the furniture in the building had paid it was inadmissible.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1669, 1676; Dec. Dig. ☞648.]

2. APPEAL AND ERROR ☞204—RULINGS ON EVIDENCE—OBJECTIONS—NECESSITY.

Where a party could have objected to a question asked a witness before answer was made, but failed to do so, he could not, on appeal, urge his objection to the answer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1258–1272, 1274–1278, 1280, 1569; Dec. Dig. ☞204.]

3. APPEAL AND ERROR ☞930, 1170—QUESTIONS REVIEWABLE — INSTRUCTIONS — PRESUMPTIONS.

The court on appeal will presume that the jury followed instructions to disregard evidence

not calculated to cause them to render an improper verdict, and the error in admitting the evidence must be disregarded, as required by Court of Civil Appeals rule 62a (149 S. W. x).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755–3761, 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. ☞930, 1170.]

4. APPEAL AND ERROR ☞1170 — QUESTIONS REVIEWABLE — INSTRUCTIONS — PRESUMPTIONS.

Where three witnesses testified that they knew plaintiff's reputation for truth and veracity in the community where she lived up to and at the time of the trial, and that it was bad, error in excluding the testimony of a witness that plaintiff's reputation about nine years before the trial was bad, must be disregarded, under Court of Civil Appeals rule 62a (149 S. W. x), because not calculated to cause the rendition of an improper verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075. 4098, 4101, 4454, 4540–4545; Dec. Dig. ☞1170.]

Appeal from District Court, Harris County; John A. Reed, Judge.

Action by Mrs. Lillian Melott against the Glens Falls Insurance Company of Glens Falls, N. Y., in which Henry Engel intervened. From a judgment for plaintiff and intervener, defendant appeals. Affirmed.

Crane & Crane, of Dallas, for appellant. John G. Tod, of Houston, for appellees.

LANE, J. Mrs. Lillian Melott, plaintiff in the lower court, instituted this suit against the Glens Falls Insurance Company of Glens Falls, N. Y., upon a policy of insurance, issued by said insurance company on the 30th day of April, 1912, by which said insurance company, in consideration of premium paid by Mrs. Melott, insured her against all direct loss or damage by fire in amount not to exceed $3,000, to a certain building situated in Houston, Harris county, for the term of one year, which said building was totally destroyed by fire on the 4th day of September, 1912. Appellant refused to pay said loss on proper demand, and appellee brought this suit, and prayed for judgment against appellant for $3,000, with interest thereon.

By leave of the court Henry Engel intervened in the suit, and in his plea set up that prior to August, 1911, the Mechanics' Building & Loan Association held and owned a lien against the insured property to secure an indebtedness owing to it from appellee Mrs. Melott, and had prior to said date foreclosed said lien, and had purchased said property at sheriff's sale under said foreclosure judgment, but had permitted Mrs. Melott to remain in possession of said property up to August 19, 1911, at which time said Building & Loan Company, for and in consideration of intervener paying it the sum of $3,250 for Mrs. Melott, sold and conveyed said property to intervener to secure him in the repayment of the said $3,250 by Mrs. Melott; that after the issuance of said insurance policy by appellant, to wit, on the 4th day of June, 1912, at

the request and demand of intervener, appellant issued and attached to said policy a mortgage clause, making the loss, if any, under said policy payable to intervener; that said clause so attached is as follows:

"Loss or damage, if any, under this policy, shall be payable to Henry Engel, as her mortgagee (or trustee), as interest may appear, and this insurance as to the interest of the mortgagee (or trustee) only therein shall not be invalidated by any act or neglect of the mortgagor or owner of the within-described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by the policy : Provided that in case the mortgagor or owner shall neglect to pay any premium under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

"Provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee), and, unless permitted by this policy, it shall be noted thereon, and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

"This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation, and shall then cease, and this company shall have the right, on like notice, to cancel this agreement."

Said Engel, intervener, prayed for judgment against appellee Lillian Melott and appellant for the sum of $3,000, amount due on said policy, with interest thereon and costs of suit.

Appellant answered by general demurrer, and general denial, and that appellee Mrs. Melott was not entitled to recover because the loss or damage was caused by her act or procurement for the purpose of collecting the insurance which she had on the property; that the insurance policy sued on contained the following provisions:

"This entire policy shall be void if the interest of the insured in the property be not properly stated herein.

"This entire policy, unless otherwise provided by agreement endorsed thereon or added thereto, shall be void if the interest of the insured be other than unconditional and sole ownership."

It was alleged that at the date when the policy in suit was issued, and at the date when the loss occurred, plaintiff was not the sole and unconditional owner of the property; on the contrary, that she had no title or interest in the property; that, if she had any interest therein, one Henry Engel likewise had an interest to the extent of being a co-owner or cotenant or tenant in common. Wherefore it prayed that the policy in all things be held null and void.

In answer to intervener's petition, appellant denied the allegations contained therein, and for special answer averred that, under the terms of the mortgage clause attached to

the policy, appellant should be subrogated to such rights as intervener might have against the said Mrs. Melott, and that, in the event intervener should recover against it, then appellant should be permitted to recover over against Mrs. Melott the amount adjudged against it in favor of intervener.

Both of the appellees by supplemental petitions denied every allegation in appellant's answers.

The cause was submitted to a jury on special issues, and verdict was rendered finding all the issues in favor of appellees, whereupon the court rendered a decree and judgment in favor of appellees, Lillian Melott and Henry Engel, against appellant for the sum of $3,000, with interest thereon at the rate of 6 per cent. per annum from the 12th day of December, 1912, and for costs of suit.

It was further adjudged and decreed by the court:

"That all moneys paid by the defendant on this judgment shall be paid to the intervener, Henry Engel, and shall be applied by said intervener as a credit upon the debt due him by the plaintiff, Lillian Melott, and in extinguishment, to that extent, of the lien held by the said intervener against the said Lillian Melott, and in extinguishment of the indebtedness of the said Lillian Melott to the intervener, Henry Engel, to the extent of the amount so paid; and that, when said defendant company shall have paid to the said Henry Engel the amount of this judgment, said payment shall be a complete discharge in payment of any and all claims the plaintiff, Lillian Melott, may have against the defendant because of this judgment, or on account of the insurance policy sued on herein, save and except the judgment herein in favor of the said Lillian Melott, for her costs expended by her herein."

Appellant submits but two assignments of error in its brief upon which it relies for reversal, which we shall here consider.

[1-3] The first assignment of error insists that as it had been shown that Mrs. Melott had an insurance policy insuring her furniture situated in the house burned for the sum of $1,500, issued by the Michigan Commercial Insurance Company, and that George Easley was the agent of said company, that the said Easley was called as a witness in behalf of appellant, and after he had testified on direct examination counsel for appellees, Hon. J. G. Tod, on cross-examination asked said witness Easley if it was not a fact that the Michigan Commercial Insurance Company had paid the policy issued by it on the furniture of Mrs. Melott, and that said witness had answered that it had, that thereupon counsel for appellant objected to said question and answer, on the grounds that same was irrelevant, immaterial, and incompetent, and tended to, and did, prejudice the rights of appellant before the jury, whereupon appellees' counsel stated to the court that they would withdraw the question, and asked the court to instruct the jury to disregard the same, which instruction was given by the court to the jury, that, notwithstanding such withdrawal and instruction, the effect of such question and answer upon the jury was not thereby removed.

The question, we think, was improper, and should not have been asked, and certainly the answer was immaterial and irrelevant to any issue involved; but there is nothing in the assignment of error showing that the question and answer objected to were asked and answered in such manner as to prevent an objection being made to the answer before the same was given, and therefore we think this court is warranted in presuming that counsel for appellant was speculating as to the answer—that is, as to whether it would be favorable to him or otherwise—and in holding that, as he did not urge his objection to the answer before it was given, he cannot now complain that such answer was hurtful to him. We also think that we may assume that the trial jury was composed of men of ordinary intelligence, and that they understood and obeyed the instruction of the court, and that they did disregard, and not consider, the question and answer complained of in arriving at their verdict, nor do we think the question and answer complained of was of such hurtful character, in view of the court's instructions, as was reasonably calculated to, or did probably, cause the rendition of an improper verdict, and for this, as well as other reasons, do not think we would be warranted in reversing the judgment of the trial court upon the complaint under the first assignment. Henson v. Baxter, 166 S. W. 460; Rule 62a, Court of Civil Appeals (149 S. W. x); Scott v. Townsend, 159 S. W. 342; M., K. & T. Ry. Co. v. Beasley (Sup.) 155 S. W. 183; Wells Fargo & Co. v. Benjamin, 165 S. W. 120.

[4] The error complained of by appellant in its brief under its second assignment of error is that the witness Amerman was not allowed to testify that the plaintiff's reputation for truth and veracity was bad nine years before the trial. The appellant's bill of exception to the action of the court excluding such testimony shows that he had heard plaintiff's reputation discussed about nine years prior to the trial, but not since, and evidently shows that he did not know what her reputation was between the date mentioned in the bill nine years previous and the date of the trial. We think such testimony was admissible, but it was so remote and so far anterior to the time of the trial that it would have been of little value, and this court cannot say that, under rule 62a the exclusion of such testimony was reasonably calculated to, or did probably, cause the rendition of an improper verdict in this case. More especially is this true of the testimony offered by appellant from John H. Freeman, Judge C. E. Ashe, and J. B. Cochran, witnesses of appellant, who all testified that they knew plaintiff's reputation for truth and veracity in the community where she lived up to and at the time of the trial, and

that it was bad. The testimony of the witness Amerman, even if admitted, would have been only cumulative to the testimony of appellant's witnesses who knew plaintiff's reputation at the time of trial, and would have been so weak and of such little weight that no reasonable person can suppose that it would in any wise have affected the jury in arriving at their verdict in this case.

Believing that no such error was committed in the trial of this case as would warrant this court in reversing the judgment of the trial court, said judgment is affirmed.

Affirmed.