**EASTERN TEXAS ELECTRIC CO. v. BAKER et al. (No. 764.)\***

(Court of Civil Appeals of Texas. Beaumont. Feb. 20, 1922. Rehearing Denied March 1, 1922.)

**1. Damages ☞32—Future effects of personal injury need not be permanent.**

To recover for future effects of a personal injury, it is not necessary that they be permanent.

**2. Appeal and error ☞1170(9)—Charge as to future pain held not prejudicial in view of small amount awarded.**

In an action for assault and battery, a charge permitting the jury to consider future pain in assessing damages held not prejudicial, under the evidence, in view of Court of Civil Appeals rule 62a (149 S. W. x), though future physical pain was neither pleaded nor proved, where the jury awarded only $500.

**3. Trial ☞352(1)—Special issue held not erroneous as assuming plaintiff was injured.**

In an action for assault and battery, a special issue as to the amount of money which would compensate plaintiff for the injuries sustained held not on the weight of the evidence as assuming that she received injuries.

**4. Trial ☞352(1)—Special issue assuming injuries held not erroneous in view of evidence.**

In an action for assault and battery, a special issue as to the amount of money which would compensate plaintiff for her injuries held not erroneous even if it assumed she was injured, in view of the uncontradicted evidence.

**5. Appeal and error ☞218(2) — Failure to submit issue not considered where submission not requested.**

An assignment of error in failing to submit an issue of fact cannot be sustained where

appellant did not request the submission thereof as a special issue.

**6. Appeal and error ⬡⇒930(3)—Issue not submitted presumed resolved in favor of judgment.**

It will be presumed that the trial court resolved an issue of fact not submitted to the jury in favor of the judgment.

**7. Assault and battery ⬡⇒26, 43(6) — Proximate cause not an issue requiring instruction; perpetrator presumed to have intended consequences.**

In an action for willful, aggravated assault and battery, proximate cause is not an issue requiring instruction to jury, and the perpetrator of the act is presumed to have intended the consequences.

**8. Carriers ⬡⇒283(3)—Street car company is liable for aggravated assault on passenger by employé.**

A street car company is the perpetrator and is responsible for an unauthorized and willful, aggravated assault on a passenger by its employé.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Action by Dora Baker and husband against the Eastern Texas Electric Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Orgain & Carroll, of Beaumont, for appellant.

A. D. Lipscomb, of Beaumont, for appellees.

HIGHTOWER, C. J. The appellees, Dora Baker and husband, filed this suit in the district court of Jefferson county against appellant, Eastern Texas Electric Company, praying damages because of an assault and battery committed upon Dora Baker by one of the street car conductors of appellant while Dora Baker was a passenger upon one of appellant's street cars. Appellees alleged that, in consequence of such assault and battery, Dora Baker sustained much physical pain and mortification and shame, and laid their damages at $5,000.

Appellant answered by general demurrer and general denial, and pleaded specially that appellant's conductor was provoked to make the assault and battery upon Dora Baker by her own insolent conduct and insulting language used by her to him.

The case was tried with a jury, and the only issue of fact submitted for the jury's consideration was as to the amount of damages that should be awarded the appellees. On this issue the jury found in favor of appellees in the sum of $500.

On the 23d day of April, 1920, Dora Baker boarded one of the street cars of appellant, near the west end of its Royal line, with the intention of going to one of the public schools for negroes in the city of Beaumont, where she was engaged as one of the teachers. When Dora Baker got on the car she paid the regular fare as a passenger, and took a seat in the car provided for passengers of her race. There were only four such seats in the car, and these were next to the rear end. Two of these seats, one on either side, were crosswise of the car, as usual, and two of them, one on either side, were longitudinal, or facing the aisle of the car. Dora Baker took one of the crosswise seats provided for colored people, leaving behind her only the longitudinal seat. After the car had proceeded a distance of between one and three blocks, according to the evidence, one of appellant's employés approached Dora Baker and told her to move back on the rear seat (the longitudinal seat), and thereupon this employé moved the sign in the car, which was an adjustable sign and used to separate the seats appropriated to colored people from those intended for white people. The evidence shows that Dora Baker did not comply with this request and kept her seat, and in a very short time, almost immediately, this employé again approached Dora Baker and demanded that she move back to the rear seat, and again Dora Baker did not comply and the evidence would warrant the conclusion that appellant's conductor then for the third time demanded Dora Baker to move back to the rear seat, and that she again declined to do so. Dora Baker testified on the stand that when she was requested each time to move her seat she stated to appellant's employé that she would do so when there was a necessity for such action; that is, when the car should become crowded by white people, and the seat which she was occupying might become necessary for white people. Appellant's employés testified, substantially, however, that Dora Baker flatly refused to move her seat, without giving any reason therefor. The evidence shows without dispute that at the time the employés commanded Dora Baker to move her seat there were several other vacant seats for white people in the car, but also that there were several white people standing on the rear platform of the car, some of them smoking, and further that the employés anticipated that in a few moments other white people would board the car, and that all the seats in the car would then be full of white passengers. The undisputed evidence showed that after Dora Baker had declined to move her seat, when requested, appellant's conductor told her that he would carry her on to town and have her put in jail for refusing to comply with his demands. Dora Baker testified that after this threat was made she decided to get off the car where the same intersects with and crosses Railroad avenue, and that when the car reached Rail-

road avenue she got up and proceeded to the door for the purpose of alighting from the car, and that appellant's conductor obstructed her willfully and purposely, and had the door closed, and refused to let her get off, and she was prevented from getting off there. In this Dora Baker was corroborated by several other witnesses on the car, and, in fact, when the evidence is carefully considered, it is admitted by appellant's employés that the conductor purposely and willfully refused to permit Dora Baker to alight from the car at Railroad avenue, and kept her on the car against her will. At the next street, a block below, Dora Baker again insisted on alighting from the car and was again obstructed by appellant's conductor in her attempt, and in the struggle between them appellant's conductor struck Dora Baker a blow in the face with his fist, which was shown by practically all the testimony and admitted by appellant's conductor himself. Dora Baker also testified, and the overwhelming weight of testimony of other witnesses corroborates her on the point, that the conductor, after striking her in the face with his fist, kicked her in the back in the region of the shoulder blade with his foot, as she was about to alight from the car. Dora Baker testified that the blow which struck her in the face was so severe as to considerably stagger her, but that she did not fall from that blow, but that the kick in the back as she was descending was so terrific as to knock her from the car and down on the ground, causing her books and umbrella to fall from her arms to the ground. The conductor, after first denying that he kicked Dora Baker, afterwards upon cross-examination admitted that he did attempt to kick her, but that in his opinion, if his foot touched her, it was only a light blow. Several other witnesses, however, testified positively just as she testified, and one of them stated that the imprint of his dirty shoe was plainly discernible on her clothing in the back. Our view of the evidence is that it showed overwhelmingly that appellant's conductor both struck and kicked Dora Baker as she alleged in her petition. The conductor swore that his reason for assaulting Dora Baker was because of her insolent conduct and insulting language in declining to move her seat when he demanded her to do so, but the undisputed evidence shows, and indeed this conductor admitted, that Dora Baker was guilty of no insolence nor insulting language towards the conductor until he had willfully and purposely obstructed her in her attempt to alight from the car, as before stated, and at a time when she was practically put in unlawful imprisonment by this conductor.

The court's charge to the jury, eliminating parts here immaterial, was as follows:

"Now, this case will be submitted to you, at the request of counsel for the plaintiff, upon special issues. I therefore instruct you that you will find for the plaintiffs such damages as you may assess for the injuries sustained by her, if any, and you will, therefore, answer the following question:

"(1) What amount of money paid now will compensate the plaintiff, Dora Baker, for the injuries she has sustained? You will answer this question by stating the amount you find.

"In this case, and for your guidance in estimating the damages, you will assess said damages in such a sum of money as, if paid in hand at this time, will fairly and justly compensate her for the injuries alleged to have been sustained by her in her petition, and which you find from the evidence she has sustained, and in so doing you will take into consideration all the mental and physical pain suffered by her, if any, and such as will be suffered by her in the future on account thereof, if any.

"And in this connection the defendant has offered evidence in support of its plea that the plaintiff by her acts and conduct and by her words coupled with her acts provoked the agent of the defendant in charge of said car to strike her and commit the several acts complained of.

"Now, I charge you that if you shall believe from the evidence that the acts and conduct on the part of the agent of the defendant in striking and kicking or pushing the plaintiff were caused by her acts towards him that such conduct may be considered by you not in justification, but in mitigation of such damages as you may find that she had sustained, if any."

The charge further instructed the jury that the burden of proof in the case was upon the plaintiffs.

The appellant requested and the court refused to give the special charge telling the jury, substantially, that they could not allow plaintiffs any damages for any physical pain that Dora Baker might suffer in the future, if any. The court's refusal to give this special charge is made the basis of the first assignment of error. The contention under the assignment is, substantially, that there was no allegation that the physical injuries sustained by Dora Baker were of a permanent nature, and that there was no proof of any such permanent injuries, and no proof that there would be any future suffering of physical pain by Dora Baker.

It is true, as contended by appellant, that plaintiffs did not allege that the physical injuries received by Dora Baker were of a permanent nature, nor did they allege that she would suffer physical pain in the future, but did allege that she would suffer mental pain and shame in the future.

In 17 C. J. 762, it is said by the author, substantially, that in cases of this character it is not necessary that there should be allegations or proof of permanent injury in order to justify a jury in considering future pain and suffering; "for the terms 'future' and 'permanent' are not synonymous." It will be borne in mind that there was no contention on the part of plaintiffs that Dora Baker's physical injuries were of such nature and so severe as that her ability to labor and

earn money in the future would thereby be impaired, and therefore there was no claim that her injuries were permanent in such sense, and no such question or issue was submitted for the jury's consideration. It seems to be appellant's contention that, in the absence of an allegation of permanent injuries, in the sense that one's ability to labor and earn money in the future would thereby be impaired, there could be no basis in the pleading for a recovery of future suffering of physical pain; that is for physical pain, although suffered in consequence of the injuries, beyond the date of the trial.

[1] "Where it is established that there will be future effects from an injury to the person, damages therefor may be awarded, and, to authorize a recovery for such future effects, it is not necessary that they be permanent in their nature." 17 C. J. 762. Under this rule, as laid down by the author, it would seem clear that one may recover damages for physical pain and suffering beyond the time of the trial, if the evidence be sufficient to show with reasonable probability that such physical pain and suffering would be endured, and the injury would not have to be permanent in the sense that the capacity to labor and earn money in the future must be shown to be impaired.

[2] It is also true, as contended by appellant under this assignment, that there was no evidence to the effect that Dora Baker would suffer physical pain in the future or beyond the date of the trial, and that therefore, both because of a failure to plead such element of damage and the lack of evidence to show it, the trial court was in error in declining the special charge taking such element from the consideration of the jury. The court not only refused the special charge expressly withdrawing such element of damage from the jury's consideration, but instructed the jury, substantially, that in answering issue No. 1 as to the amount of damages, they might take into consideration such physical pain and suffering, if any, as the evidence might show them Dora Baker would suffer in the future, if any, and this charge is also made the basis of one of appellant's assignments. We shall not determine whether the action of the court in permitting the jury to take into consideration such physical pain as might be found by the jury would be suffered by Dora Baker in the future would not be erroneous in some cases in the absence of pleading and evidence, as here complained of; but, after carefully considering the entire record in this case, we have concluded, and feel certain, that the action of the court in refusing the special instruction and in permitting the jury to take such future pain, if any, into consideration, was not prejudicial to appellant in this case, and was clearly harmless error, if error at all. It is true appellant by one of its assignments attacks the verdict as being excessive, and in dispos-

ing of the first assignment what we shall say will also dispose of the assignment that the verdict is excessive.

As stated before, the jury awarded the plaintiff Dora Baker $500 for an aggravated assault and battery committed upon her while a passenger on one of appellant's street cars. We say, when the evidence is carefully considered, it shows, without dispute, that this assault and battery by the carrier's agent must be treated as having been willful and entirely unprovoked, because, as we have shown, it is clear from the evidence that, if Dora Baker used any language of an insulting nature to appellant's conductor, or did anything that could tend to provoke and cause him to be angry, such was said or done by her after the conductor had willfully refused to permit her to alight from the car when she wanted to do so, and as she had a right to do, and that such insulting language and conduct, if any, was itself provoked by such conductor by his practically falsely imprisoning Dora Baker. Dora Baker testified that the blow which the conductor struck her in her face was a very severe one, and greatly staggered her, though she did not fall from that blow, and that the kick in the back was a severe one, and that she suffered much physical pain from both. She went on to her school duties on that morning, but testified that a severe headache caused by the blow in her face soon set up, and that when she went home that afternoon she was suffering severely with headache and soreness in her neck and stiffness in her jaw, all caused from this blow, and that she was caused thereby to go to bed, that the blow in her back and near the shoulder blade caused by the kick caused her much pain and soreness in her back and side, and that the manner in which she was assaulted, in the presence of all the passengers, caused her much shame and mortification. A negro physician examined Dora Baker the following day, and he testified that there was quite a bruise on her cheek bone caused from some blow, and that there was a stiffness in her neck, and also that he examined her back and shoulder and found that she was bruised about the point where the proof shows she was kicked by appellant's conductor. Dora Baker further testified that this assault caused her considerable excitement, and that she became quite nervous from it, and that she would always suffer humiliation and shame in consequence of this willful and deliberate assault and battery upon her. The facts are really without dispute on any material point in the case, and show a willful and unprovoked aggravated assault and battery, upon this negro woman by appellant's conductor, and upon these facts, and this entire record, the evidence would be sufficient to warrant a finding by the jury in plaintiff's favor for $500 for such physical pain and suffering and such mental anguish and shame

as she suffered in consequence of such assault and battery upon her, without regard to pain of any character, physical or mental, that she might suffer therefrom in the future. In other words, we mean that, if it was error on the part of the trial court to permit the jury, by the charge, to take into consideration physical future pain that the evidence might show would be suffered, if any, such error was clearly harmless in view of the amount awarded in this case, and, instead of such error being one reasonably calculated to cause and which probably did cause the jury to render a verdict for a larger amount than it would otherwise have rendered, we say that it is clear from the record as a whole that such error, if such it was, was not calculated to cause and did not cause the jury in this case to render a larger verdict against appellant than would otherwise have been rendered, and therefore, in keeping with rule 62a (149 S. W. x), which provides, substantially, that no case shall be reversed in this court unless this court can say that the error complained of was one which was calculated to cause and probably did cause a wrong or improper judgment in this case, we overrule the assignment.

Speaking of rule 62a, the Court of Civil Appeals at Texarkana, in Wells Fargo & Co. v. Benjamin (Tex. Civ. App.) 165 S. W. 121, among other things, said:

"But we take it that the promulgation of rule 62a is the positive announcement by our Supreme Court of a change of judicial policy in respect to such matters; that the presumption in favor of injury, if not shifted, is abolished; that hereafter no case should be reversed because of errors in such rulings unless it should be made to appear 'that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment.'"

See, also, Henson v. Baxter (Tex. Civ. App.) 166 S. W. 460; Scott v. Townsend (Tex. Civ. App.) 159 S. W. 342; Railway Co. v. Beasley, 106 Tex. 160, 155 S. W. 183, 160 S. W. 471; Ins. Co. v. Melott (Tex. Civ. App.) 174 S. W. 700.

It has been the custom of this court to invoke rule 62a as a panacea for all errors, regardless of their nature, committed by trial courts, but, if the rule should have application at all, we feel convinced that it should be applied in this case in disposing of the assignments here under consideration, and such assignments are overruled.

[3, 4] The second assignment complains that special issue No. 1 submitted by the court was upon the weight of the evidence, because it assumes that Dora Baker, in fact, received injuries. When the issue is read as a whole, we think that it is not on the weight of the evidence, for the reason stated, but, if it should be admitted that it was assumed by the trial court that injuries had been sustained by Dora Baker, he was right in so assuming upon the uncontradicted evidence, and there was no error.

[5-7] The third assignment complains of the court's charge in its entirety because, as claimed by appellant, nowhere in the charge was the issue of proximate cause submitted for the jury's consideration. In disposing of this assignment, we say first that, if proximate cause was an issue of fact in this case and the court did not include it in its submitted, it should have been requested by appellant as a special issue, and for that reason the assignment could not be sustained; and, further, if the issue of proximate cause was one of fact in this case, it would be presumed that the trial court resolved the issue in favor of the judgment; and, lastly, we say that proximate cause was no issue of fact in this case, for the reason that the aggravated assault and battery committed upon this negro woman was willful, and certainly the perpetrator of the act is presumed to have intended the consequences of his act. If the issue of proximate cause had been requested as one of fact, the court should have refused it.

The fourth and fifth assignments are disposed of in what we have said relative to the first.

There is nothing in the sixth assignment, because it appears from abundant evidence and circumstances in this record that the Royal car line was owned and operated by the Eastern Texas Electric Company, the appellant in this case, at the time of this assault and battery, and that the employé guilty of the assault and battery was the agent and employé of appellant. Other contentions under the assignment have been disposed of by what we have already said.

[8] We have no doubt that this is one cause in which a just and righteous verdict was returned, and, while appellant company itself was not, in fact, the perpetrator of the wrong done to plaintiffs in this case, yet, in contemplation of law, it was the perpetrator and must stand responsible for the unauthorized and willful aggravated assault committed upon the plaintiff in this case.

There is no prejudicial error in the record, and the judgment is affirmed.