### CITY OF HOUSTON v. SCANLAN et al.
#### (No. 9267.)

Court of Civil Appeals of Texas. Galveston. March 7, 1929.

Rehearing Denied April 11, 1929.

Sewall Myer, J. H. Painter, and Sidney Benbow, all of Houston, for appellant.

Walter F. Brown, of Houston, for appellees.

GRAVES, J. The city of Houston herein appeals from a judgment of the trial court perpetuating a temporary injunction it had granted in this cause on July 15 of 1927, which this court affirmed on October 26, 1927, as reported in San Jacinto Const. Co. v. Scanlan, 300 S. W. at page 220.

The opinion on the former appeal reflects the nature of the case, the names of the parties, and many facts common to both records; for present purposes, without repetition of those so appearing of record, it is only deemed necessary that such additional matters be recited as are material to the disposition of the appeal now at bar.

The final order here challenged, after formally reciting the perpetuation of the temporary injunction before issued, runs: "That the defendants, San Jacinto Construction Company, a corporation, and the City of Houston, a municipal corporation, be, and they are hereby, permanently and perpetually enjoined from destroying the grass, herbage and trees on the property of the plaintiffs, Kate Scanlan, Lillian Scanlan, Stella Scanlan, and Alberta Scanlan, southwest of the southwest curb line on Calhoun Avenue, in Houston, Texas, as such curb existed at the time the defendants began the paving of Calhoun Avenue, and from placing any hard surface pavement for vehicular traffic

southwest of the said curb line on plaintiffs' property."

There were also reciprocal claims for damages between the opposing parties, as well as a cross-action for such a recovery by the construction company over against its codefendant, the city of Houston, but all these were denied, and no complaint upon that score has been presented here; the construction company has not appeared at all.

The court submitted two special issues to a jury relating to the appellees' action for damages, which were answered unfavorably to them, but, there having been no request in writing for the submission thereof, did not submit any on the claims appellant city made in its pleadings to having acquired an easement for a street and sidewalk in the strip of property involved through asserted dedication of it by the appellees or their ancestors, as well as through prescription and limitation resulting from its own alleged long use thereof for such purposes, which title it had sought to have quieted; neither was there an objection presented to the charge under R. S. art. 2185, on the ground that it failed to submit issues on either limitation or prescription, but there was this one on the omission to present the claim for dedication: "The defendants except to the action of the Court in taking away from the jury the question of the title to the property involved in this suit, and in holding that there was no evidence raising the question of a general dedication by the plaintiffs in this case, and that the defendant, the City of Houston, had no right to take such property for street purposes, and in refusing to submit to the jury the issues of dedication of the land for general purposes whatsoever outside of the fence lines situated between the fence and the curb line north of Block No. 404, because there was sufficient evidence by reason of long-continued use of the public and acts of the plaintiffs herein to raise the question and entitle its submission to the jury."

▉ As concerns limitation and prescription, there having been neither written request for, nor objection to the charge omitting, the submission of either, there was plainly, under R. S. arts. 2185 and 2190, no predicable error. Gulf, C. & S. F. Railway v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Texas Co. v. Ramsower (Tex. Com. App.) 7 S.W.(2d) 876; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570; Stolle v. Kanetzky (Tex. Civ. App.) 259 S. W. 657; El Paso Printing Co. v. Glick (Tex. Com. App.) 263 S. W. 260; St. Louis, B. & M. Railway v. Price (Tex. Com. App.) 269 S. W. 422; Wichita Falls Electric Co. v. Huey (Tex. Civ. App.) 246 S. W. 692; Fresnos Land & Irrigation Co. v. Box (Tex. Civ. App.) 233 S. W. 369; F. C. Pennington Produce Co. v. Browning (Tex. Civ. App.) 293 S. W. 935; Eastern Texas Electric Co. v. Baker (Tex. Civ. App.) 238 S. W. 339; Frick v. Ry. Co. (Tex. Civ. App.) 207 S. W. 200; Rosenthal v. Hillebrandt (Tex. Civ. App.) 280 S. W. 884; Dancy v. Peyton (Tex. Civ. App.) 282 S. W. 822; Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1085.

▉ Appellant city insists that the situation is different, however, as concerns the issue of dedication, in view of the fact that it did protest against the refusal to submit that matter to the jury in the quoted objection to the charge, and that the trial court's action notwithstanding constituted reversible error; while the question thus raised does not seem free from doubt, we conclude that it has been determined the other way in the cases cited. Here the court had failed to charge upon that subject at all, and the city's plea of having acquired title by dedication constituted an independent issue and a complete defense to the suit, wherefore, under these cases, especially the Conley, Ormsby, Browning, and Frick holdings, supra, the mere objection to the court's charge because it failed to submit that issue was not sufficient; it still being incumbent upon the city to request such submission.

It is true the judgment itself contains this recital: "And, the pleading and the evidence of all parties having been heard and considered, the Court is of the opinion and holds that the defendant, City of Houston, upon its plea of dedication, prescription and limitation of and to the property involved in this suit, had failed to introduce and offer sufficient evidence to justify the submission of its claim to the property involved in this suit to the jury, and the Court, therefore, refused to submit defendant City of Houston's cross-action and claim to the title to the property involved herein by dedication, prescription, or limitation to the jury; and decided against said defendant City of Houston upon such cross-action and pleas, and submitted to the jury only the following issues;" then follow the issues relating to damages, as above stated.

That, however, seems to us only to have been a statement of the procedure actually taken; the fact undisputedly remains that appellant did not make written request for the submission of any one of these three issues, pursuant to the provisions of article 2185, and permitted the court without it to so call in the jury's aid and enter the judgment upon the verdict returned. The mandatory terms of article 2190, as applied to that situation, appear therefore to prohibit a reversal on that ground. Since the city's claim to the easement so acquired was its only defense to the suit for injunction, this conclusion determines the merits of the appeal and renders unnecessary the discussion of other questions presented in the briefs; were it proper to pass on the question of the sufficiency of the evidence to warrant the submis-

sion of an issue as to whether the city had acquired by dedication the right claimed, a majority of the court would hold that it was, while this member would hold the other way.

The judgment has been affirmed.

Affirmed.

### On Rehearing.

Unconvinced of error in the original disposition, notwithstanding the recognized force of both appellant's motion and of the dissenting opinion, the majority have refused a rehearing.

The language of our statute is clear and unambiguous: "Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment." R. S. art. 2190.

In the Conley Case, cited in our former opinion, Chief Justice Cureton uses the following language: "These two Statutes were enacted to accomplish the same purpose, and we think a failure to submit any particular issue under either Statute can be reviewed on appeal only where the record shows a special charge was tendered on that issue. But in the instance of a defective or erroneous charge on a subject or issue which the Court has undertaken to charge upon, the objections required by Article 1971 take the place of special charges and render it unnecessary that the latter be tendered."

In the Ormsby Case, also cited in the opinion, Judge Pierson said: "When the omitted issue constitutes a complete ground of recovery, or a complete defense, a failure to request a submission of that issue waives said ground of recovery or said ground of defense."

Thus the rule, as laid down by the Supreme Court, seems to be that a defendant is not required to request the submission of a ground of recovery, and a plaintiff is not required to request the submission of a ground of defense, but a party desiring the submission of an issue upon which he has the burden of proof must present the issue in writing and request its submission, without which request he cannot complain of the court's failure to submit that issue.

An objection to the court's charge is never sufficient to form the basis of a complaint, that the court has failed entirely to charge on a defensive issue, and the distinction between the cases in which an objection to the charge is sufficient and those in which an objection is insufficient, and a written request must be presented, is quite well and clearly defined by the Supreme Court in the cases we have cited. That distinction obtains here, differentiating this case on its facts from the Conley Case and classing it under the first rule so announced therein rather than the second, under which that cause itself was determined.

We think the original opinion also correctly held that the recitals in this judgment were of no controlling importance. The law made it the duty of the trial court to submit all issues raised by the pleadings and the evidence. The failure to submit any issue on dedication was an evidence that the trial court was of the opinion that the evidence did not raise the issue. The defendant objected to the court's charge because it failed to submit an issue on dedication, the objection being based on the ground that the evidence did raise that issue. The trial court overruled the objection, thus indicating the opinion that the evidence did not raise the issue. Writing into the judgment that this failure to submit the issue of dedication was brought about by the fact that the court did not think the evidence raised that issue added nothing to what the record already showed. The trial court could neither write into the judgment anything to give to the defendant a ground of reversal not already existing, nor take away from it an existing ground. The recital in the judgment therefore seems wholly immaterial.

In our view, the matter hinges finally on the clear-cut question as to whether a judgment should be reversed for the failure to submit a defensive issue, when that issue has not been requested as required by the statute.

The question is an important one of practice. If a mere objection was sufficient in this case, it will be sufficient in all cases, hence there will be no case in which a written request for the submission of an issue will be necessary, and the quoted statute will "become as sounding brass, or a tinkling cymbal."

The motion has been overruled.

Overruled.

Rehearing refused.

PLEASANTS, C. J. (dissenting on motion for rehearing). When the decision in this case was reached by the court I had grave doubts of its soundness, and so informed my Associates. A further consideration of the record on motion for rehearing has convinced me that the judgment of the trial court should not be affirmed.

This court has found, and the record amply supports the finding, that the evidence raises the issue of dedication of the property in controversy to the appellant city for street purposes. The appellant by its objection to the charge called the trial court's attention to the failure to submit this issue to the jury. This was sufficient to relieve appellant of any responsibility for the error of such omission in the charge. Gulf, C. & S. F. Railway v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183.

The record affirmatively shows that the trial court did not submit this issue because in the opinion of the court it was not raised by the evidence. To affirm the judgment on

the ground that no charge submitting this issue was offered and asked to be submitted by appellant is, it seems to me, to give effect to a rule of procedure in disregard to the substantial rights of the appellant, when it affirmatively appears from the record that, if this rule of procedure invoked by appellees was in fact violated, such violation did not injure appellees, since the court would have refused to give a charge submitting the issue.

In this state of the record I feel constrained to dissent from the order overruling the motion for rehearing.

I think the judgment should be reversed for the reason indicated, and the cause remanded.