## TEXAS & P. RY. CO. et al. v. VAN ZANDT. *

No. 3870.

Court of Civil Appeals of Texas. Texarkana.

June 25, 1930.

Rehearing Denied July 17, 1930.

*Writ of error granted.

T. D. Gresham, of Dallas, B. M. McMahan, of Greenville, Spell, Naman & Howell, of Waco, Chas. C. Huff, of Dallas, Jones & Jones, of Mineola, and S. P. Brooks, Jr., of Waco, for appellants.

Gordon Simpson, of Tyler, and Albert Maberry, of Mineola, for appellee.

WILLSON, C. J.

By this suit appellee, H. Van Zandt, plaintiff in the court below, sought to recover of appellants Texas & Pacific Railway Company and Missouri-Kansas-Texas Railway Company of Texas, defendants in said court, the value, alleged to be $2,000, of a secondhand dental outfit, consisting of chairs, cabinets, blowpipes, sterilizers, etc., carried by appellants under a contract between them and appellee from Big Sandy to Alba, where the goods were destroyed by fire while being held by one of the appellants for delivery to appellee. The latter also sought by his suit to recover of appellants $63.60 which he alleged he paid them as freight on the shipment. As a witness, appellee testified that the outfit had been used about two years at the time he bought it, and was worth $2,350. He said he purchaased it at a "distress sale" by the owner and paid $600 for it. The appeal is from a judgment in appellee's favor against appellants for $1,250, the value of the outfit to appellee, the jury determined.

One of the grounds of the motion of appellants for a new trial was alleged misconduct of the jury, and it is contended here that the court below erred when he refused to sustain the motion on that ground. The misconduct charged against the jury was that they discussed and considered (1) "probable attorneys' fees" appellee would have to pay; (2) "the probable indictment against plaintiff (appellee) which might result" if they found he burned the shipment in question or caused same to be burned; and (3) the provision in the bill of lading covering the shipment as to the value thereof.

In overruling, as we do, appellants' contention as to the matters last mentioned, to wit, the discussion of an indictment against appellee and the provision in the bill of lading as to the value of the goods, we think it is sufficient to call attention to the fact that issues as follows were submitted to the jury:

(1) "Did the plaintiff H. Van Zandt burn or procure to be burned the property involved in this suit?" (2) "Was the valuation as placed upon the goods in the bill of lading the true and correct valuation thereof?" (3) "Did the plaintiff place a valuation upon the goods in question as set out in the bill of lading?" (4) "Did the plaintiff agree with the employee of the defendant T. & P. Railway Company that the valuation as set out in the bill of lading should be written therein in order to obtain a cheaper freight rate than otherwise would be obtained?" (5) "Was the insertion in the bill of lading with reference to the valuation of the property in the shipment placed therein without the knowledge and consent of the plaintiff?" We do not think it has yet been held by any court that it is "misconduct" requiring a reversal of a judgment for a jury to discuss and consider evidence before them and the effect of answers they make to issues submitted to them.

When the jury began to consider the question as to the amount of their verdict, after determining it should be in appellee's favor, ten of the twelve thought it should be $1,250, and the other two that it should be a less amount. Three of the twelve testified as witnesses at the hearing on the motion for a new trial. Each of the three said the matter of attorney's fees appellee would have to pay was mentioned in the discussion of the case in the jury room. One of them (W. C. Mills) testified that when such fees were mentioned he reminded the jurymen that they "were not to consider attorneys' fees." Mills testified further that the jury was out about two hours and "went through every bit of the evidence as near as possible." He testified further that he "was not influenced (quoting) by anything in arriving at that verdict of $1250 other than what I deemed the fair value of that stuff was to Van Zandt at the time and place destroyed, situated as he was." Another one of the three jurymen, J. W. A. Brown, testified that, when the matter of attorneys' fees was mentioned, he remarked that "the defendant wasn't responsible for attorneys' fees," and, he added, "the other jurors agreed with me about it." Brown testified further that he understood the jury were to answer the questions the court propounded "from a preponderance of the evidence," that he honestly tried to so answer them, that he "didn't take the lawyers' fees into consideration at all," and was influenced to agree to the verdict returned by belief he entertained that, if appellee "had an equipment ready to go to work that it was worth that ($1,250) to him." The other one (W. H. Hall) of the three jurymen who testified said: "I think it was mentioned that he (appellee) would have to pay part of it (the sum found in his favor) for attorneys' fees, but we figured that this outfit would be worth that to him at Alba." Testifying further Hall said:

"In getting at that amount I didn't take into consideration the attorneys' fees that he (appellee) might have to pay. That was mentioned all right. But I figured this stuff would be worth that much money to him there."

In support of their contention as to attorneys' fees, appellants argue that the mention of such fees by one of the jurymen while they were considering their verdict was, as a matter of law, material "misconduct" which entitled them to a new trial, in the absence, as they insist was the case, of evidence showing beyond a reasonable doubt that no right of theirs was prejudiced by such mention. In support of their view that there was no such evidence, appellants insist that testimony of the jurymen indicating that the verdict was not influenced by the misconduct is entitled to little weight and not sufficient to rebut a presumption of injury which, they say, arose from the misconduct. The argument is based, necessarily, it seems to us, on the assumption that the ordinary juror is not the man of ordinary intelligence and honesty the law has always (unless decisions appellants cite have changed the estimate) esteemed him to be.

As we construe decisions of the Supreme Court, they did not require the court below and do not require this court to indulge such a presumption in determining questions as to a jury's conduct. Houston & T. C. R. Co. v. Gray, 105 Tex. 42, 143 S. W. 606, refusing application for writ of error in Houston & T. C. R. Co. v. Gray (Tex. Civ. App.) 137 S. W. 729; St. Louis Southwestern R. Co. of Texas v. Robinson (Tex. Com. App.) 285 S. W. 269, 46 A. L. R. 1507; Bradley v. Ry. Co. (Tex. Com. App.) 1 S.W.(2d) 861; Texas & N. O. R. Co. v. Parry (Tex. Com. App.) 12 S. W.(2d) 997; St. Louis, B. & M. R. Co. v. Cole (Tex. Com. App.) 14 S.W.(2d) 1024. There is nothing in the record sent to this court, as we view it, suggesting a reason why the trial court should have discredited the testimony of the jurymen who testified as stated above, nor a reason why this court should hold that that court erred when he overruled the motion for a new trial on the ground stated.

One of the special issues submitted to the jury was presented by a question as follows: "Was there a cash market value at Alba, Texas, for the character of goods contained in the shipment in question at the time said goods were burned?" The jury answered the question in the negative. Another such issue was presented to the jury by a question as follows: "What was the value to plaintiff of the goods that were destroyed, situated as he was, at the time and place said goods were destroyed?" The answer was, "$1,250."

Appellant insists it conclusively appeared from the evidence that the goods had a market value at Alba, and that it therefore was error not to set aside the finding of the jury to the contrary, and error to submit to them the issue as to the value of the goods to the plaintiff.

It is true that appellee as a witness testified that the dental outfit had a market value at Alba, but it was shown that the town had a population of only about 1,200 and that a dentist already resided and was in business there. Appellants' witness Dr. Simpson, who resided in the town, testified that he could not say definitely that there was a fixed market price there for secondhand dental equipment. In that state of the case we are not prepared to say the findings of the jury in question were unwarranted.

In the cross-examination of appellants' said witness Dr. Simpson, appellee's counsel asked him if it would be unreasonable under the conditions stated to value a given dental outfit at $2,000. "Before an objection could be made," it appears from the bill of exceptions, "and immediately after the witness had answered the question in the negative, defendants' counsel interposed the objection that it was not a proper question, even on cross-examination," because it called for the opinion and conclusion of the witness "without stating facts on which to base it," and was "purely speculative." No request to strike out the answer of the witness was made, and the complaint here is that the court overruled the objection to the question made after it was answered. It need not be determined, we think, whether the ruling complained of was erroneous or not (Glens Falls Ins. Co. of Glens Falls, N. Y., v. Melott [Tex. Civ. App.] 174 S. W. 700), for, if it was, we think the error should be treated as harmless, in view of Rule 62a for the government of Courts of Civil Appeals.

The judgment is affirmed.

On Motion of Appellant for a Rehearing.

Appellee for himself and Dr. Simpson for appellants were the only witnesses who testified with reference to the value of the property in question. We have carefully re-read their testimony in connection with the motion, and adhere to the conclusion reached when the record was first before us that the findings of the jury (1) that said property did not have a cash market value in Alba and (2) that the value thereof to appellee was $1,250 were not without support in testimony of said witnesses. Galveston, H. & S. A. R. Co. v. Wallraven (Tex. Civ. App.) 160 S. W. 116; Pecos & N. T. R. Co. v. Grundy (Tex. Civ. App.) 171 S. W. 318; Black v. Nabarrette (Tex. Civ. App.) 281 S. W. 1087; Dallas Hotel Co. v. Blanchette (Tex. Civ. App.) 246 S. W. 1065; Texas & P. R. Co. v. Wilson Hack Line, 46 Tex. Civ. App. 38, 101 S. W. 1042.

The statement in the opinion affirming the judgment that Dr. Simpson resided in Alba was incorrect, as appellants insist it was. He resided instead in Greenville.

The motion is overruled.