**TEXAS & P. RY. CO. et al. v. VAN ZANDT.**

No. 1316—5825.

Commission of Appeals of Texas, Section B.

Jan. 6, 1932.

C. C. Huff and T. D. Gresham, both of Dallas, B. M. McMahan, of Greenville, Spell, Naman & Howell and S. P. Brooks, Jr., all of Waco, and Jones & Jones, of Mineola, for plaintiffs in error.

A. Maberry, of Mineola, and Warren, Lasseter & Warren and Gordon Simpson, all of Tyler, for defendant in error.

SHORT, P. J.

The Court of Civil Appeals [30 S.W.(2d) 503, 504] makes this brief but sufficiently comprehensive statement of the nature and result of this lawsuit: "By this suit appellee, H. Van Zandt, plaintiff in the court below, sought to recover of appellants Texas & Pacific Railway Company and Missouri-Kansas-Texas Railway Company of Texas, defendants in said court, the value, alleged to be $2,000, of a secondhand dental outfit, consisting of chairs, cabinets, blowpipes, sterilizers, etc., carried by appellants under a contract between them and appellee from Big Sandy to Alba, where the goods were destroyed by fire while being held by one of the appellants for delivery to appellee. The latter also sought by his suit to recover of appellants $63.60 which he alleged he paid them as freight on the shipment. As a witness, appellee testified that the outfit had been used about two years at the time he bought it, and was worth $2,-350. He said he purchased it at a 'distress sale' by the owner and paid $600 for it. The appeal is from a judgment in appellee's favor against appellants for $1,250, the value of the outfit to appellee, the jury determined."

The judgment of the district court was affirmed by the Court of Civil Appeals, 30 S.W.(2d) 503. The application for writ of error was granted on the first assignment of error, based upon the alleged misconduct of the jury in reaching the verdict.

While there are seven assignments of error in the application, three of which relate to the alleged misconduct of the jury, in view of the fact that we think the opinion of the Court of Civil Appeals has correctly disposed of the questions raised by the other assignments of error, we will not discuss those questions.

The third proposition under the first assignment of error is as follows: "The judg-

ment of the trial court should have been reversed, because the discussion of attorney's fees by the jurors raised a presumption of injury to the plaintiffs in error and there is no evidence showing that the verdict was not in fact so influenced." Only three of the jurors testified upon the motion for a new trial with relation to this question, and the plaintiffs in error have thus stated the testimony of each in their application.

The juror W. C. Mills testified: "There was a difference in opinion as to the amount of the verdict * * * There was some of the jury that wanted to give a less amount than $1,250.00. During the discussion about the amount I remember that there was something said about the attorney fees * * * The bill of lading was discussed * * * Considerable was said about plaintiff being due ten cents on the amount of freight he paid for. Ten then agreed on $1250.00 and myself and Brown after some discussion came to it * * * This bill of lading was discussed, what it called for and from the standpoint that they actually owed him what the bill of lading, they recognized the responsibility on the back of the bill of lading at ten cents per pound. After an hour or so Brown and I then agreed to come to $1250.00. We were standing for a less amount * * * Someone said $1200.00 was a fair value but said 'if we give him that he can't pay his attorneys' * * * If we give him $1250.00 that won't leave him anything after he paid his attorney fees."

J. W. A. Brown, juror, testified: "Someone made a remark that he would be loser; that it wouldn't pay the attorney * * * It was before the verdict was written, before we finally agreed on a verdict * * * None of the jurors stated that if they found that Van Zandt burned and had the car burned they were afraid he would be indicted for arson * * * That ran through my mind. I believe I mentioned that myself. * * * I said 'I. imagine he would be glad to know that he would get his $600.00 back and escape being indicted' * * * I was scared for him * * * I heard some of them say the railroad didn't prove who burned it * * * We didn't have sufficient evidence to know who burned it * * * Someone said 'He would be loser; he gave $600.00 for this equipment * * * his lawyer fees'; He would be loser if he didn't get $1250.00. He said he gave $600.00 for the stuff. He didn't say what the lawyer fee would be. He just said he would be loser * * * The verdict was reached after all this discussion."

W. H. Hall, juror, testified: "I think it was mentioned that he would have to pay part of it for attorney fees * * * Just like I said, I think it was mentioned that if we allowed him $1250.00 that would pay him $600.00, the price he paid for the stuff, and then would pay his attorney fees and the freight and ex-

penses * * * It was talked some that the $1250.00 would allow him $600.00 that he had paid for the stuff and pay his attorney fees and pay the freight on this shipment * * * I didn't take into consideration the attorney fees that he would have to pay. That was mentioned all right."

The testimony further shows that the defendant in error had only paid $600 for the property which had been burned, and the jury found, in answer to a special issue, that this property had no market value at the time and place where it was burned. Assuming, as we do, that this finding is sufficiently supported by testimony, the jury were authorized under another special issue to determine the value of property to the defendant·in error at the time and place it was destroyed while in the custody of the plaintiffs in error, and this value was placed at $1,250. The testimony with reference to the value of the property was conflicting, and yet, in the absence of what was said in the jury room with reference to the defendant in error having to pay attorney's fees, the testimony was sufficient in the opinion of the Court of Civil Appeals to sustain the verdict. So the sole question presented for solution is whether the testimony of these three jurors, in the light of the remainder of the record, is sufficient to compel the Supreme Court to hold it shows the rights of the plaintiffs in error were prejudiced under the construction which has heretofore been placed by it, upon article 2234, R. S. 1925, which, in effect, declares that, where the ground of the motion for a new trial is misconduct of the jury, the court may grant a new trial, if such misconduct has been proven. Clearly, what the defendant in error may have been compelled to pay to his attorney for services rendered him in this case could not properly be considered by the jury in determining the value of the property at the time and place of its loss. The measure of his damages, where the property had no market value, as it seems not to have had in this case, according to the verdict of the jury, was the value of the property, at the time and place it was burned, to the defendant in error. So the testimony of these three members of the jury clearly shows misconduct on the part of some member of the jury, while it was considering at what sum the jury would fix the damages sustained by the defendant in error, and while at least two of the jurors were contending that this sum should be fixed at a sum less than that at which the damages were finally fixed.

In St. Louis S. W. Ry. of Texas v. Lewis, 5 S.W.(2d) 765, in an opinion rendered by Judge Critz of Section A of the Commission of Appeals, the holdings of which were expressly approved by the Supreme Court, wherein it appears that the matter of attorney's fees was mentioned and discussed by several members of the jury prior to the time the jury agreed

upon a verdict, among other things on this subject, it was said: "The testimony of these nine jurors is such that the matters so mentioned and discussed were calculated to injure the railway company, and to influence the amount of the verdict. In fact, the matters mentioned and discussed were of a nature that we will presume, as a matter of law, they were calculated to injure, and did injure, the railway company." It is true that the jurors testifying in this case say they were not influenced by what was said with reference to the defendant in error having to pay attorney's fees, but in Moore v. Ivey, 277 S. W. 106, Judge Nickels, while a member of Section A of the Commission of Appeals, in speaking of testimony of a similar nature, holds that these declarations of jurors were not influenced by the extraneous matters are entitled to very little weight in passing upon the question as to whether the verdict of the jury was affected thereby.

In Kosse Nat. Bank v. Derden (Tex. Civ. App.) 36 S.W.(2d) 295, 297, where the facts of misconduct were not disputed, as in the case at bar, and where the defendants in error contended that the verdict was in fact not affected thereby, the court said: "The absence of actual effect cannot be established (conclusively, at least) by the most emphatic denials made by jurors when they are called to account." To the same effect is the opinion in Hines v. Parry (Tex. Com. App.) 238 S. W. 886. While the facts in Casstevens v. Texas & Pacific Ry. Co., 32 S.W.(2d) 637, 639, 73 A. L. R. 89, are wholly different from the facts in this case, yet the Supreme Court of this state, speaking through Judge Greenwood, reviews all the cases wherein opinions have been written by the Commission of Appeals on this subject, commencing with Hines v. Parry, supra, as well as the case of Houston & Texas Central Ry. Co. v. Gray, 105 Tex. 43, 143 S. W. 606, wherein the Supreme Court definitely established the rule that where the uncontradicted facts disclose misconduct by the jury in reaching a verdict, unless such facts negative beyond a reasonable doubt that the misconduct actually influenced any juror in giving assent to the verdict, such misconduct constitutes reversible error. Judge Greenwood, in the Casstevens Case, in speaking of the Gray Case, said, in connection with the citation of many authorities, that: "The Supreme Court has often applied the rule announced in Gray's Case to acts of misconduct similar to those disclosed by this record, always ordering a new trial." In other words, the Supreme Court has laid down the rule that where material misconduct in arriving at a verdict is shown, it is the imperative duty of the court to vacate the verdict unless all reasonable doubt as to prejudice is removed.

Construing the testimony of these three jurors in the light of the whole record, and following the rule which the Supreme Court has laid down in such cases, we are unable to say that the plaintiffs in error were not prejudiced in their rights by the misconduct of some member of the jury, as shown by the testimony without dispute.

We therefore recommend that, because of this error committed by the Court of Civil Appeals in affirming the judgment of the district court, the judgments of both courts be reversed, and the cause be remanded for a new trial.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.