**ELIZONDO v. REAGAN et al.**
No. 1603—5993.

Commission of Appeals of Texas, Section A.
Dec. 22, 1932.

Jones, Goldstein, Hardie & Grambling, of El Paso, for plaintiff in error.

Whitaker & Peticolas and Turney, Burges, Culwell & Pollard, all of El Paso, for defendants in error.

CRITZ, J.

J. H. Elizondo instituted this suit in the district court of El Paso county, Tex., against J. J. Reagan and First National Bank of El Paso, Tex., to recover damages for the alleged breach of a written contract for the sale and purchase of cattle. Elizondo alleged that Reagan had agreed to purchase from him 550 head of stags and steers to be delivered at the stockyards of El Paso, Tex., at a named price per pound; that such cattle were delivered as per contract; that Reagan wrongfully refused to receive them; and that he (Elizondo) was damaged in the sum of $9,000, for which he sues.

First National Bank was made party defendant as a mere stakeholder; it being alleged that it held $5,000 deposited by Reagan to guarantee his performance of the contract. The bank filed the ordinary answer of a stakeholder, and is not otherwise interested in the litigation.

Reagan pleaded a general demurrer and general denial. He also specially answered, admitting the contract, but alleged that it provided that the cattle should be delivered in a merchantable condition, and that this part of the contract was breached by Elizondo, in that the cattle tendered for delivery were not merchantable.

Reagan also filed a cross-action against Elizondo and sought damages against him for the alleged failure to deliver merchantable cattle as called for in the contract.

The case was tried in the district court to a jury, and resulted in a verdict and judgment denying Elizondo any recovery on his action, and allowing Reagan a recovery against Elizondo on his cross-action in the sum of $2,675.75. Elizondo appealed to the Court of Civil Appeals at El Paso, which court in all things affirmed the judgment of the district court. 37 S.W.(2d) 1058. Elizondo brings error. We refer to the opinion of the Court of Civil Appeals for further statement of the case. We think, however, that the statement we have made is sufficient for this opinion.

We shall refer to the parties in the order in which they appeared in the district court, to Elizondo as plaintiff, and to Reagan as defendant.

As shown above, the defendant defended against plaintiff's action, and sued him by cross-action on the ground that he (plaintiff) had breached the contract by failing to tender for delivery merchantable cattle as provided by the contract. The issue was sharply drawn on that question by the circumstances of the case and the testimony of the opposing witnesses. The trial court submitted such issue to the jury by direct and appropriate questions, and the answers thereto were favorable to the defendant.

During the trial the defendant himself, J. M. Riddle, W. D. Connell, and other witnesses testified for the defendant, and gave evidence very damaging to plaintiff on the issue of the merchantability of the cattle. Also the testimony of these witnesses was directly contradictory to the evidence, direct and circumstantial, offered by the plaintiff.

While the jury was deliberating on its verdict, and while the members thereof were badly divided on the issue as to whether the cattle were merchantable and other issues, the foreman of the jury, who was a railroad man, stated in substance and effect that he (the juror) had had dealings with these cattle men, meaning defendant and his witnesses, and that they had been fair with the railroad in all their claims. This juror also talked about Riddle and Connell and other witnesses as to their integrity, and stated, in effect, that what he stated about them was based on his dealings with them. The juror, Turley, heard the above statements, and testified, in effect, that the only weight they had with him was on the question as to whether the witnesses mentioned had told the truth. We quote the following from the testimony of the juror, Turley: "The foreman is a railroad man. As I remember he said he had dealings with these cattle men, and they had been fair with the railroad in all their claims, fair in their dealings. He talked about Riddle and Connell, and also different witnesses as to their integrity and all. He told us what his experience had been with them, and their integrity and fair dealings. That was before we finally came to a decision. So far as I am concerned it would only have this weight, as to their testimony, as to whether a man could be perjuring himself or telling the truth, or be smart enough to perjure himself, and not be caught.

This man did say they had been fair and honorable in their dealings with him."

The material testimony of the other jurors heard on the motion for a new trial is set out in the opinion of the Court of Civil Appeals, and in the interest of brevity we here refer to that opinion for further details of the matters under discussion. It is sufficient to say that in our opinion the testimony of the several jurors, taken as a whole, demonstrates that, while the jurors were deliberating on their verdict, and while they were sharply divided on material issues, certain statements about facts outside the record were made in the jury room by the foreman of the jury which were calculated to cause the jury to accord more credibility to the testimony of defendant and certain of his witnesses than they otherwise would have accorded.

Plaintiff, by proper assignment, contends that the above matters present such misconduct of the jury as should work a reversal of the case. This contention was presented to the trial court and to the Court of Civil Appeals. In passing on this question, the Court of Civil Appeals holds [37 S.W.(2d) 1058, 1062]:

"The questions presented are: Was the statement of Christian in discussing the credibility of witnesses on the issue of the merchantable condition of the cattle material, and did it affect the jury's verdict? The jury are the judges of the credibility of the witnesses.

"We have reviewed many cases and have found no case where the only matter mentioned in the jury room, assigned as misconduct, was some statement by a member of the jury going solely to the credibility of some one or more of the witnesses. We do not hold that it was within the province of the jury to mention or to consider any fact or facts not in evidence, in determining the weight to be given to the testimony of a witness; we think it irregular and should not be done, but we are not prepared to say the communication made by the juror Christian was such violation of article 2234 of the statute as to be reversible."

■ We disagree with the above holding. Certainly no court would permit a witness to give in open court the testimony bolstering the character and credibility of the defendant and his witnesses that was given in this instance in the jury room behind locked doors. It is true that the information only bore on the character and credibility of the defendant and his witnesses; but under the circumstances of this record, which shows that the evidence they gave was sharply in conflict with the evidence offered by the plaintiff on material questions, and in view of the further fact that the jury was divided on such questions at the time the statements were made, we think they were calculated to injure the plaintiff and induce, or contribute to induce, a verdict against him that might otherwise have been for him.

■ It is the settled law of this state that, where the jury is guilty of misconduct, and where from the whole of the pertinent record it is reasonably doubtful to the Supreme Court itself whether such misconduct affected the verdict on any material question, such verdict should not be allowed to stand. Houston & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; Hines v. Parry (Tex. Com. App.) 238 S. W. 886; Moore v. Ivey (Tex. Com. App.) 277 S. W. 106; International-G. N. R. Co. v. Cooper (Tex. Com. App.) 1 S.W.(2d) 578; St. Louis S. Ry. Co. v. Lewis (Tex. Com. App.) 5 S.W.(2d) 765; Casstevens v. T. & P. Ry. Co., 119 Tex. 456, 32 S.W.(2d) 637, 73 A. L. R. 89.

■ Finally, we wish to say that, when a juror serves in the trial of a case where he is acquainted with one or both parties, or one or more of the witnesses, it is not permissible to impeach his verdict by attempting to show by such juror that he was influenced by such acquaintanceship, but in spite of this it is not proper for a juror who is acquainted with the litigants or their witnesses to communicate to other jurors not so acquainted facts not in the record, which are calculated to influence the verdict in a way different from what it would have been absent such communication; and this is true as to such communications which go only to the credibility of witnesses.

We recommend that the judgments of the Court of Civil Appeals and district court be both reversed, and the cause remanded to the district court for a new trial.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.