TEXAS & PACIFIC RAILWAY COMPANY V. EVELINE
GILLETTE ET AL.

No. 6380.   Decided June 12, 1935.
Rehearing overruled July 10, 1935.
(83 S. W., 2d Series, 307.)

*S. N. Russell,* of El Paso, *Shropshire & Bankhead,* of Weatherford; *T. D. Gresham* and *R. S. Shapard,* both of Dallas, *W. A. Keeling,* of Austin, for plaintiff in error.

It appearing from uncontradicted evidence that the jury was guilty of misconduct which was detrimental to the rights of the defendant railway company, a new trial should have been granted. Red Star Coaches v. Lamb, 41 S. W. (2d) 523; Corn v. Crosby County Cattle Co., 25 S. W. (2d) 290; Morgan v. Maunders, 37 S. W. (2d) 791.

*Robert L. Holliday, Charles Owen* and *Henry T. Moore,* all of El Paso, for defendants in error.

On proposition that there was no misconduct of the jury. San Antonio Public Service Co. v. Alexander (Com. App.), 280 S. W., 753; Commercial Credit Co. v. Groseclose, 66 S. W. (2d) 709; Bradley v. Texas & Pac. Ry. Co. (Com. App.), 1 S. W. (2d) 861.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court defendant in error, Mrs. Eveline Gillette, for herself and as the next friend of her minor children, Ralph E. Jr., Kitty Virginia, and Thomas Bryan Gillette, recovered judgment apportioned by the jury and aggregating $45,000.00 against plaintiff in error for damages sustained by her and her children on account of the death of Ralph E. Gillette, the husband of Eveline Gillette, and the father of the minors, which judgment was affirmed by the Court of Civil Appeals. 50 S. W. (2d) 901. The deceased met his death in a collision between an automobile which he was driving and a string of cars being backed or pushed at night by the employees of the plaintiff in error over Cotton Avenue in the City of El Paso. The following findings of specific acts of negligence were made by the jury: (1) Failure of the operatives of the train to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances; (2) failure to have a flagman with a lighted lantern to go upon the crossing sufficiently in advance of the train to give warning of its approach; (3) failure to have a flagman on the front end of the leading car; and (4) failure to have a light on the front end of the leading car. Each of these acts of negligence was found to be a proximate cause of the collision. In answer to various issues submitting the alleged contributory negligence of the deceased, the jury exonerated him thereof.

1 It is assigned that the request of plaintiff in error for a peremptory instruction in its favor should have been granted, because, (a) there was no evidence of its negligence and, (b) the deceased was chargeable with contributory negligence as a matter of law. We do not deem it necessary to write at length upon this assignment. The opinion of the Court of Civil Appeals quotes extensively from the record and correctly concludes that an issue of fact was presented as to both the negligence of the railway company and the contributory negligence

of the deceased. That opinion in no wise conflicts with Texas & N. O. Ry. Co. v. Stratton, 74 S. W. (2d) 741; id., 746; Thompson v. St. Louis Southwestern Ry. Co., 55 S. W. (2d) 1094, and Wichita Valley Ry. Co. v. Fite, 78 S. W. (2d) 714. In each of those cases the person injured or killed ran into the side of a train which was entirely blocking the crossing, while, in the instant case, the string of cars and the automobile arrived at the crossing at the same instant. The facts of this case bring it clearly within the rule of decision of such cases as Rio Grande, E. P. & S. F. Ry. Co. v. Dupree, 55 S. W. (2d) 522; Texas & N. O. R. Co. v. Crow, 121 Texas, 346, 48 S. W. (2d) 1106, and Galveston, H. & S. A. Ry. Co. v. Wells, 121 Texas, 310, 50 S. W. (2d) 247.

2  It is argued that, under the rule of decision of the Supreme Court of the United States as announced in Baltimore & N. O. R. R. Co. v. Goodman, 275 U. S., 66, 72 Law Ed., 167, 48 Sup. Ct., 24, 56 A. L. R., 645, the deceased was guilty of contributory negligence as a matter of law; that plaintiff in error was at the time of the accident engaged in interstate commerce, and that, therefore, the Goodman case should be followed by our courts and right of recovery denied as a matter of law. In the light of the later decision by the Supreme Court of the United States in the case of Pokora v. Wabash Ry. Co., 292 U. S., 98, 54 Sup. Ct., 580, 78 L. Ed., 1149, 91 A. L. R., 1049, we question whether the deceased would be adjudged contributorily negligent, as a matter of law, under the Federal rule, but, be that as it may, it has been determined by this court that the liability of a carrier for damages sustained by one not its employee in a collision at a crossing rests upon the rules announced by the courts of this State. Galveston H. & S. A. Ry. Co. v. Wells, supra; Rio Grande, E. P. & S. F. Ry. Co. v. Dupree, supra.

3  Various acts of alleged misconduct on the part of the jury are presented as requiring a reversal of the judgment. Some of the acts complained of do not amount to misconduct. The facts with reference to the existence of some other acts were disputed and, as to them, we are bound by the findings of the trial court the same as on any other issues of fact. Casstevens v. Texas & P. Ry. Co., 119 Texas, 456, 32 S. W. (2d) 637, 73 A. L. R., 89; Monkey Grip Rubber Co. v. Walton, 122 Texas, 185, 53 S. W. (2d) 770.

We, therefore, consider only those acts complained of which

constitute misconduct and as to the existence of which there is no real conflict in the evidence.

4 On the question of the amount of damages to be awarded, there was a wide latitude between the estimates of the various jurors,—some of them placing the amount as low as $12,000.00 and others placing it as high as $65,000.00. At some time not definitely fixed by the record, but during the trial of the case, the question of the amount of the attorney's fees was discussed by some of the jurors while all were not present. One juror stated, "I think they split about half." Another said, "No, I think between 25% and 1/3, between 1/4 and 1/3." That this was misconduct calculated to prejudice the rights of the railway company is not an open question. Texas & P. Ry. Co. v. Van Zandt, 44 S. W. (2d) 950; St. Louis S. W. Ry. Co. v. Smithhart, 9 S. W. (2d) 146; Rhoades v. El Paso & S. W. Ry. Co., 248 S. W., 1064, 27 A. L. R., 1048; Estep v. Bratton, 24 S. W. (2d) 465. The rule is definitely established by this court that, where misconduct by the jury in reaching a verdict is shown, a reversal will follow, unless the record negatives, beyond a reasonable doubt, that such misconduct influenced any juror in giving assent to the verdict. Casstevens v. Texas & P. Ry. Co., 119 Texas, 456, 32 S. W. (2d) 637, 73 A. L. R., 89; Texas & P. Ry. Co. v. Van Zandt, 44 S. W. (2d) 950. Considering the amount of damages awarded and the record as a whole, it cannot be held that the misconduct did not influence the jury, or at least, some of the jurors, in giving assent to the verdict returned in this case.

5 Defendants in error attach materiality to the fact that the discussion regarding attorney's fees was not had while the jury was deliberating or while all were present. It is pointed out that, when the question was mentioned during the deliberations of the jury, the foreman at once admonished the juror so mentioning it that it was not a proper element to consider. Contrary to the view of defendants in error, it is our view that the fact that some of the jurors were not present when the discussion was had rather accentuates the error. The jurors should not have been discussing the case except while they were all together and deliberating thereon. If one juror probably agreed to the amount of the damages by reason of this private discussion, the verdict should not be permitted to stand, even though the other jurors knew nothing of it and were not, therefore, influenced thereby. Southern Traction Co. v. Wilson, 254 S. W., 1104; Moore v. Ivey (Com. App.), 277 S. W., 106.

6   On an issue of contributory negligence, the rate of speed at which the deceased was driving was a material inquiry.  It is made to appear that, during the deliberations of the jury, one of their number stated that he owned an automobile of like model and make as the one involved in the collision, and that an automobile of that model and make could not run forty-five miles an hour.  No evidence of that fact was introduced upon the trial, and this statement by the juror had the effect of presenting for consideration facts not developed on the witness stand.  A new trial should have been granted because of this misconduct.  Southern Traction Co. v. Wilson, supra.

For the error of the trial court in refusing to grant a new trial on account of the misconduct of the jury, and the error of the Court of Civil Appeals in affirming the trial court's judgment, both judgments will be reversed and the cause remanded to the trial court.

Opinion adopted by Supreme Court June 12, 1935.
Rehearing overruled July 10, 1935.