THE TEXAS & PACIFIC RAILWAY COMPANY V.
T. M. WEATHERLY.

No. 6816.  Decided February 10, 1937.
(101 S. W., 2d Series, 217.)

*Bibb & Bibb,* of Marshall, *T. D. Gresham* and *R. S. Shappard,* both of Dallas, for plaintiff in error.

It was error for the trial court to refuse to instruct the jury to the effect that the special agent had the right to use force in attempting to eject plaintiff, who was admittedly a trespasser, upon the premises. Fox v. Dallas Hotel Co., 111 Texas, 461, 240 S. W., 517; Eastern Texas Electric Co. v. Rhymes, 1 S. W. (2d) 688; Greer v. Thaman (Com. App.), 55 S. W. (2d) 519.

*Jones & Jones,* of Marshall, for defendant in error.

Defendant's affirmative defense to effect that officer had right to use force reasonably necessary to eject plaintiff from premises was fully submitted by issues defining the words "force" and "eject" in such way as to advise the jury that the owner of premises had the right to use force reasonably necessary to eject a trespasser, in case of his resistance. Ray v. Dryer, 20 S. W. (2d) 328, error dismissed; Texas & N. O. Ry. Co. v. Martin, 32 S. W. (2d) 363, error refused; Daniels v. Starnes, 61 S. W. (2d) 548, error dismissed.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court Weatherly was awarded damages against the railway company for personal injuries suffered on account of his having been struck on the head with a pistol by a special officer employed by the railway company. According

to the findings of the jury set out in the opinion of the Court of Civil Appeals, Weatherly was an epileptic and the blow on his head aggravated his epileptic condition. The Court of Civil Appeals affirmed the judgment of the trial court. 73 S. W. (2d) 957. Writ of error was granted on an assignment presenting the question of misconduct of the jury.

■ If the conduct testified about by some of the jurors actually occurred, it was patently improper; but we are confronted with the question of whether an issue of fact was presented with reference to whether it occurred at all. The trial judge, after hearing the testimony, overruled the motion for new trial, and the Court of Civil Appeals affirmed the judgment. We have read and reread all of the evidence offered on the motion for new trial and are led to the certain conclusion that an issue of fact was presented as to whether the acts alleged to constitute misconduct occurred. The testimony of the jurors Pliler, Aaron, Grigsby and Huffman raised the issue. It has been said over and over by this Court that the question of whether or not jury misconduct occurred is one of fact, and where the testimony is conflicting with reference thereto, a finding of the trial court, adopted by the Court of Civil Appeals, that it did not occur is binding upon this Court the same as any other fact finding. Many authorities could be cited, but the following are thought to be sufficient: Casstevens v. Texas & Pacific Ry. Co., 119 Texas, 456, 32 S. W. (2d) 637; Bradshaw v. Abrams, 24 S. W. (2d) 372, and Monkey Grip Rubber Co. v. Walton, 122 Texas, 185, 53 S. W. (2d) 770.

■ It is claimed that a new trial should have been granted because of the improper argument of counsel. It is made to appear that one of the attorneys for Weatherly in his closing argument to the jury, used this language:

" 'You know that is a high grade type of nonsense, that a man standing with a loaded pistol could be put in fear of bodily injury by a man of the appearance of Weatherly. He was asking only the privilege of being left alone. He asked Adams nothing, only to be let alone; and yet he, Weatherly, turned on Adams and points his finger at him, and the other hand down, points his finger—this might be facetious—calling him' (meaning Adams) 'by name, "I have been in Texas before", and with that provocation Adams instead of threatening him with a gun, if he did fear bodily injury, didn't do a thing but tap him on the head with a pistol. That is Adams'

theory of the case. That is Adams' theory on an unbiased statement of the facts."

The special officer who struck Weatherly with the pistol was named Adams. He testified that Weatherly called him a vile name. The contention is that the argument of the attorney had the effect of telling the jury that the name applied to the special officer was his correct name; that the officer was such a character that the vile name was properly applied to him. It may be that the language is susceptible of that construction, but that is not the impression which we get from reading it. The attorney was indulging in some ridicule of the testimony of the special officer, but it would be a strained construction of his language to hold that he was applying vile epithets to him. The trial court who heard it did not so construe it. Evidently counsel for plaintiff in error did not so construe it at the time, for they objected to other parts of the argument at the time it was made but offered no objection to this portion. The assignment presenting this question is overruled.

■ Some objections to the charge are brought forward, which may be summarized by stating that it is contended that the jury was not affirmatively instructed in connection with special issue No. 1 of the right of plaintiff in error to use the force reasonably necessary to eject a trespasser. We have examined the charge and think it more favorable to plaintiff in error in that respect than it was entitled. We shall not repeat the issues submitted to the jury, but refer to the opinion of the Court of Civil Appeals in which they are set out. In connection with special issues 7 and 8, the Court instructed the jury as follows:

"To aid you in answering special issues 7 and 8, you are instructed that by the use of the word 'force' therein is meant such force as may have been reasonably necessary under the facts and circumstances in evidence before you to remove the plaintiff from the defendant's premises, and by the use of the word 'eject' as therein used is meant the right to remove the said plaintiff from the defendant's premises; and further explaining said words as used in said special issues, you are further instructed that the owner of premises has the right to eject trespassers therefrom and use such force as is reasonably necessary to do so, and if a trespasser resists ejection, the owner of the premises or his agents, have the right to use

such force as appears reasonably necessary under the facts and circumstances in order to effect the ejection."

That instruction appears to have been a general charge, but it is not complained of on that account, and certainly, when taken in connection with issues 7 and 8, it presented plaintiff in error's theory more fully than a mere definition of terms would have done. There was no controversy with regard to whether the special officer struck Weatherly, and these issues, together with the instructions, fairly presented the question of whether he unlawfully struck him.

No reversible error is pointed out in the application and it is accordingly ordered that the judgments both of the Court of Civil Appeals and the trial court be affirmed.

Opinion adopted by the Supreme Court February 10, 1937.