## TEXAS POWER & LIGHT CO. v. FRIEDSAM.

### No. 1855.

Court of Civil Appeals of Texas. Waco.

May 13, 1937.

Rehearing Denied June 10, 1937.

Bryan & Maxwell, of Waco, Worsham, Burford, Ryburn & Hincks, of Dallas, and Stansell Bryan, of Waco, for appellant.

W. L. Eason, of Waco, for appellee.

ALEXANDER, Justice.

This suit was brought by Mrs. Fannie Friedsam against Texas Power & Light Company to recover the value of a store building and a stock of merchandise alleged to have been destroyed by fire through the negligence of the defendant. The defendant had supplied plaintiff with an electric motor for operating a Frigidaire box in the store building while plaintiff's motor was being repaired. It was alleged that the motor so supplied was defective and that it caused the fire which destroyed the building. The verdict and judgment were for plaintiff. Defendant appealed.

It was a very closely contested issue as to whether the defective motor was the cause of the fire. The plaintiff was compelled to rely largely on circumstantial evidence to establish this fact. There was evidence that the motor was defective and that it would sometimes "squeak and squawk" and fail to start, but there was no evidence that it ever became overheated or threw off sparks or fire or otherwise showed any signs of starting a fire. The building was discovered on fire at about 5:30 in the morning, but no one was able to testify as to the exact cause of the fire. Some experts testified that a defective motor, situated as this one was, would cause a fire while others testified to the contrary. With the record in this condition, the jury retired to consider the verdict, and while the case was under consideration, two of the jurors stated in the presence of the other jurors that they had had experience with Frigidaire motors and they knew that if such motors "got out of shape or were not running exactly right, they would heat and cause sparks and a blaze." There was no evidence that either of these jurors was reprimanded for making such statement, and while the foreman of the jury testified that the case was decided on the evidence and nothing else, there was no evidence that the information so imparted by the two jurors in question was not considered by the other eleven jurors in reaching a verdict. The information imparted to the jury by the two jurors in question pertained to one of the important and closely contested issues of the case, and yet it was introduced at a time and under conditions that did not afford the privilege of cross-examination, nor the opportunity to refute the testimony of the witnesses. Such procedure has been condemned by our Supreme Court and held to constitute reversible error on numerous occasions. Texas & Pacific Ry. Co. v. Gillette, 125 Tex. 563, 83 S.W.(2d) 307, pars. 7 and 8; St. Louis S. W. Ry. Co. v. Mauney (Tex.Com.App.) 93 S.W.(2d) 377; Elizondo v. Reagan (Tex.Com.App.) 55 S.W.(2d) 540; Moore v. Ivey (Tex. Com.App.) 277 S.W. 106.

The judgment of the lower court must be reversed on account of the error above pointed out. Appellee will doubtless avail herself of the opportunity to amend her pleadings, and the case will not likely be submitted to the jury in the same manner upon another trial. For this reason, we do not deem it necessary to express an opinion on the assignments complaining of the failure of the court to sustain certain special exceptions to the pleadings, nor those complaining of the manner of the submission of the case to the jury.

The judgment of the trial court is reversed and the cause is remanded for a new trial.