## FORREST v. FAUST.

### No. 10169.

Court of Civil Appeals of Texas. San Antonio.

Nov. 3, 1937.

Rehearing Denied Dec. 1, 1937.

J. I. Kercheville, of San Antonio, for appellant.

Elmer Ware Stahl and A. R. Sohn, both of San Antonio, for appellee.

SLATTON, Justice.

Arthur Faust instituted this action against John P. Forrest to recover damages for an alleged assault and battery which was charged to have been committed upon Faust by an agent of Forrest.

Special issues were submitted to the jury, and upon favorable answers made thereto judgment was entered in favor of Faust. The appellant complains of the action of the trial court in refusing to give his special requested issues, as follows, to wit:

"(a) Do you find from a preponderance of the evidence that Daniel Webster, the alleged agent of the defendant, acted in self-defense in the difficulty between him and the plaintiff? Answer 'Yes' or 'No.'

"(b) Did the said Daniel Webster, the alleged agent of defendant, act only and solely in self-defense in the difficulty between him and the plaintiff? Answer 'Yes' or 'No.' "

Appellant also complains that the trial court erred in overruling his objection to the court's charge; which objection was for the reason that the charge failed to affirmatively present the issue of self-defense. The trial court prepared a charge to be submitted to the jury, to which the only objection urged by appellant was that it did not affirmatively present, on behalf of appellant, the right of self-defense of appellant's agent, and, at the same time, the appellant tendered to the trial court four special requested issues. The two issues refused by the court are quoted above; the two given by the court are as follows:

"(a) Do you find from a preponderance of the evidence that a man of ordinary prudence, situated as Webster was, would have thought or supposed he was about to be assaulted or injured by the plaintiff, Arthur Faust? Answer 'Yes' or 'No.'

"(b) Do you find from a preponderance of the evidence that Daniel Webster, agent of the defendant, used only such force as was reasonably necessary against plaintiff upon reasonable apprehension of serious bodily injury to himself on the date of the alleged difficulty? Answer 'Yes' or 'No.' "

The two issues given were answered in the negative by the jury.

The appellant specially pleaded that the assault and battery was provoked by Faust, and that any resistance offered by Webster was within his right of self-defense. The evidence was in conflict as to the legality of the assault upon Faust by the agent of Forrest. Otherwise stated, there was a conflict in the evidence as to who began the difficulty. The rule is well established that a defendant is entitled to an affirmative submission of the issues raised by the pleadings and evidence supporting his defense or defenses. Texas Ind. Ins. Co. v. Thibodeaux (Tex.Com.App.) 106 S.W.2d 268.

Some of the cases hold that if the trial court imperfectly submits such issues, to preserve the error on appeal, it is only necessary to object thereto, pointing out such imperfections with sufficient certainty to apprize the court of the defect, or to prepare and request a correct charge curing the defect. Some of the cases hold that where the trial court wholly omits issues raised by the pleading and the evidence, in order to preserve the point on appeal it is necessary to submit to the court correct issues on the subject. For an able discussion of this subject, see Harris v. Thornton's Dept. Store (Tex.Civ.App.) 94 S.W.(2d) 849, and authorities there cited; and Harris v. Leslie (Tex.Sup.) 96 S.W.(2d) 276.

Here the trial court in his preliminary charge wholly failed to submit the affirmative issue of self-defense, which was raised by the pleadings and the evidence. Thereupon, the appellant presented to the trial court the four special requested issues quoted above, and made in the form of an objection that the charge did not affirmatively present the issue of self-defense. The trial court gave two of the special requested issues, and refused two of such issues.

The appellant, under the pleadings and proof, had only one defense; that of self-defense. His defense was affirmatively submitted to the jury in language chosen by the appellant. In the case of Texas & N. O. Ry. Co. v. Neill, 100 S.W.2d 348, 349, our Supreme Court used the following language: "Further, the requested issue which was given related alone to the defense of assumed risk. Since the railroad company requested the court to give that issue as a submission of that defense, it is in no position to complain that another requested issue submitting the same defense in different language was not given. It was not entitled to two issues submitting the same question and cannot complain that the court selected one of its two requested issues thereon."

Here the four requested issues related alone to the right of self-defense, which was the only defense raised by the pleadings and proof. Clearly, the appellant was not entitled to all of the issues. Moreover, the requested issues quoted above, which were refused by the court, were objectionable, in that there was included the term "self-defense," without any legal defi-

nition of such term. We can think of no legal term which in law has a more distinct legal meaning than that of "self-defense." It would have been a most violent presumption to assume that a jury of twelve men would have the same conception of the meaning of the term, much less the true legal definition. The second special requested issue above quoted, which was refused by the court, was incorrect in another particular, in that it did not place the burden of proof. The burden of proof was upon appellant. Therefore, the only defense presented by the pleadings and proof having been submitted by the trial court in language chosen by the plaintiff, and the refused special requested issues being incorrect, and relating to the same defense as submitted, there was no error of which the appellant is in a position to complain. All assignments relating to the charge are overruled.

■■ Appellant, by his fifth and sixth propositions, calls for a review of the action of the trial court in overruling his motion for new trial, wherein he claimed the jury was guilty of misconduct in two particulars, viz., that the appellant, in the deliberation of the jury, was referred to as a "loan shark," and that attorney's fees were considered and discussed during such deliberations. The entire jury was called and attended the hearing upon the motion for new trial. Nine of the number were called as witnesses. One of the jurors testified that during the trial he heard some one in the courtroom refer to the appellant as being a "loan shark." One of the other jurors testified that during the trial some one mentioned that appellant was in the loan business. Other jurors called as witnesses testified that they heard no mention of appellant being a loan shark, nor of his being in the loan business. Three of the jurors testified that the question of attorney's fees was mentioned during the deliberations, in a casual way. One of the three stated that at the time it was so casually mentioned he stated that such discussion was improper, and that no other mention was made of it. The six other jurors testified that no mention was made of attorney's fees during their deliberations. The trial court, after hearing the jurors testify and observing their demeanor while on the witness stand, overruled appellant's motion for new trial, which, in effect, is a holding that the alleged improper conduct did not occur. Thus there was an issue

of fact presented which was decided by the trial court, and such finding is binding upon this court.

We have read the entire evidence on the motion for a new trial, and we are unable to say that the trial court abused his discretion in the determination of the fact issue made. Casstevens v. Tex. & Pac. Ry. Co., 119 Tex. 456, 32 S.W.2d 637, 73 A.L.R. 89; Wells v. Henderson (Tex.Civ.App.) 78 S.W.2d 683; Tex. & Pac. Ry. Co. v. Weatherly (Tex.Com.App.) 101 S.W.2d 217.

By his last proposition the appellant also complains that the verdict and judgment are excessive. The jury allowed the sum of $3,000; upon suggestion from the trial court, the appellee filed a remittitur for $1,000, leaving the judgment here under question, $2,000.

■ The evidence shows that the appellee, before the assault, was an "arrested tubercular," that the agent of appellant struck the appellee about the face and head, fracturing the jaw. The appellee testified that he had never hemorrhaged before the assault, and that after the assault he began to hemorrhage; that as a result of the injury he was confined to his bed in the hospital and at home for a period of twenty-eight to thirty days; and that after the assault he continued in a general weakened condition seventy or eighty days; that his jaw continued to hurt him; that he suffered recurrent headaches three or four times a week since the assault; and that such condition did not exist prior to the assault.

The assault was committed at the home of appellee, in the presence of his family. It is true that this residence did not belong to him and had been rented from the appellant; however, this would not alter the fact that it was his home. In this class of torts there is no yardstick to measure the amount of damages to compensate the injured party. The trier of facts has a wide discretion in fixing the amount of damages, and unless the amount is so excessive as to manifest prejudice on the part of the trier of the facts, the judgment should not be disturbed. Larger amounts than here under attack have been held not to be excessive. Pfluger v. Schoen (Tex.Civ.App.) 221 S.W. 290; Tex. & Pac. Ry. Co. v. Weatherly, supra; Sumner v. Kinney (Tex. Civ.App.) 136 S.W. 1192.

We are unwilling to say, from all the facts and circumstances surrounding this case, that the amount allowed is so exces-

sive to manifest prejudice upon the part of the jury trying the case.

No reversible error being shown, the judgment of the trial court is affirmed.