## BATEY et al. v. GREENWOOD FLORAL CO.

### No. 13661.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 28, 1938.

Rehearing Denied Feb. 25, 1938.

Houtchens & Houtchens and J. Harold Craik, all of Fort Worth, for appellant.

Todd, Crowley & Thompson, S. A. Crowley, W. R. Thompson, Jr., and George C. Kemble, all of Fort Worth, for appellees.

DUNKLIN, Chief Justice.

William Batey, while working as an employee of the Greenwood Floral Company, was killed as the result of being crushed against a wall of one of the company's buildings, by a motortruck, while backing for the purpose of unloading dirt therefrom, to be used by the company in connection with its floral business. Henry Lynn, another employee of the company, was driver of the truck, and he and the deceased and Joe Batey, brother of deceased, were employed to procure and haul the dirt from another locality and dump it near the company's office building. It was unloaded by dumping the dirt after the boards in the bottom and side of the truck were lifted. On the occasion of the accident, a load of dirt had been hauled to the place where it was to be dumped. The deceased got off the truck and went behind it, signaling the driver how far to back the truck, in order to dump the dirt at the proper place, and also to lift the boards from the bottom and sides of the body of the truck, to let out the dirt. Henry Lynn, the driver of the truck, then backed it too far, and Batey was caught between the rear end and the wall of the building, and killed instantly.

This suit was instituted by Mrs. Eunice Batey, a feme sole, the surviving wife of William Batey, deceased, and C. D. Batey and wife, Leeida Batey, parents of the deceased, against defendant, Greenwood Floral Company, to recover damages resulting from the death of William Batey. A judgment was rendered in favor of the defendant as against all the plaintiffs, from which Mrs. Eunice Batey alone has appealed.

The trial was before a jury, and allegations of negligence of defendant, on which a recovery was sought by plaintiffs, are reflected in the special issues submitted to the jury, hereinafter referred to.

648

In answer to the first three special issues, the jury found that immediately prior to the accident the defendant's truck driver suddenly drove the truck backward against the brick wall in question, and that such negligence was a proximate cause of the injury to the deceased, William Batey.

Following are other issues submitted for the findings of the jury thereon:

"Special Issue No. 4. Do you find from a preponderance of the evidence that the foreman of the defendant prior to the occasion in question had instructed the deceased William Batey to get behind the truck in attempting to unload the same? Answer 'yes' or 'no.' Answer: No. * *

"Special Issue No. 7. Do you find from a preponderance of the evidence that the deceased William Batey in placing himself at the back of the truck prior to the unloading of the same on the occasion in question was not guilty of negligence, as that term has been defined for you above? Answer 'He was guilty of negligence' or 'He was not guilty of negligence' as you find the facts to be. Answer: He was guilty of negligence."

In answer to issue No. 8, the jury found that such negligence on the part of the deceased was not the sole proximate cause of his injury.

Issues Nos. 9 and 10 read as follows:

"Special Issue No. 9. Do you find from a preponderance of the evidence, that such negligence, if any you have found, on the part of the deceased William Batey, as inquired about in issue No. 7 above, was a proximate cause (as that term has been defined for you above) of the injury to the said William Batey? Answer 'yes' or 'no.' Answer: Yes.

"Special Issue No. 10. Do you find from a preponderance of the evidence that immediately prior to the accident in question that the deceased William Batey signalled the driver of the truck to proceed backwards? Answer 'yes' or 'no.' Answer: No."

In answer to issue No. 14, the jury assessed damages sustained by plaintiff, Mrs. Eunice Batey, resulting from the death of her husband, at the sum of $2,000.

Following is defendant's special requested issue No. 3: "Do you find from a preponderance of the evidence that the deceased William Batey failed to give a signal to the driver of the truck in question in time for the driver of such truck to stop the same before striking deceased? Answer yes or no. Answer: No."

Defendant's special requested issue No. 4 was as follows:

"(a) Do you find from a preponderance of the evidence that deceased William Batey immediately prior to the accident and injuries in question failed to step clear of the approaching truck? Answer yes or no. Answer: Yes.

"(b) If you have answered the foregoing question 'yes' and only in that event then answer the following question:

"Question: Do you find from a preponderance of the evidence that such failure, if any, was negligence? Answer yes or no. Answer: No."

In her motion for new trial, appellant alleged misconduct of jury, in that during their deliberations in the jury room, and while the jury was considering their answer to issue No. 4, John Atkins, one of the jurors, made a statetment to the effect that he himself was an experienced truck driver, and from his experience he knew that it was not customary for those in charge of trucks to be given any such instructions as referred to in that issue. Upon hearing that motion, four jurors testified. Fred Patterson, the foreman, A. S. Gafford and Wylie Aaron, who were called by plaintiff, and John Atkins, introduced by defendant.

To each of the three jurors first named, practically the same question was repeated several times, and separate answers thereto given. Some of those answers were rather definite, to the effect that while issue No. 4 was under 'consideration, the young juror, John Atkins, did relate his experience as a truck driver, and that it was not customary for the foreman of the trucking work to direct one operating the truck to get behind it for the purpose of spotting the place for unloading, yet other answers were indefinite as to whether he made such a statement or was merely arguing that since the unloading of the truck was the duty of the operators, they could exercise their own judgment as to whether one would go behind it for the purpose of spotting the place where it was to be unloaded. Those jurors further testified that before they took up the issues for consideration they had reached a definite conclusion that plaintiff, Mrs. Eunice Batey, ought to be allowed damages for the death of her husband, and that they did their best to an-

swer every issue to bring about that result, and would have answered issues Nos. 4 and 7 differently had they believed the answers given would have the effect to defeat a recovery, irrespective of the statement of the juror, John Atkins.

According to their further testimony, after the trial and after hearing that their findings to those issues would likely cause plaintiff, Mrs. Eunice Batey, to lose her case, they became very anxious to testify and explain why they had agreed to those findings.

The juror, John Atkins, testified that he was 21 years old, and had driven a truck for eight months, but further testified positively that while the jury was deliberating on their verdict he did not mention his experience as a truck driver.

■ At the conclusion of the hearing of that motion, the trial court made a definite finding that the alleged misconduct did not occur. ˙ That finding had ample support in the testimony of the juror, Atkins, and especially so in view of the bias disclosed in the minds of the other three jurors. And it is well settled that such finding cannot be disturbed here.

Monkey Grip Rubber Co. v. Walton, Tex.Com.App., 53 S.W.2d 770; Texas & Pacific Ry. Co. v. Foster, Tex.Civ.App., 58 S.W.2d 557; Texas & Pac. Ry. Co. v. Gillette, 125 Tex. 563, 83 S.W.2d 307; Booth v. H. P. Drought & Co., Tex.Civ. App., 89 S.W.2d 432; Yellow Cab Corp. v. Halford, Tex.Civ.App., 91 S.W.2d 801; Garcia v. Moncada, 127 Tex. 453, 94 S.W. 2d 123; Texas & Pacific Ry. Co. v. Weatherly, Tex.Com.App., 101 S.W.2d 217.

■ If, as insisted by another assignment, there was misconduct of the jury in that there was a general understanding and attempt upon the part of the jurors to answer each issue in such a way that their verdict would result in a judgment in favor of plaintiff, Mrs. Eunice Batey, then appellants are in no position to complain of it, because such action was favorable to her, and therefore no one could complain of it except the defendant, who has presented no such complaint

It follows, therefore, that appellant's assignments of error, alleging misconduct of the jury, are overruled. ,

■ By another assignment it is insisted that there is a fatal conflict between the jury's findings in answer to special issue No. 7, and defendant's requested issue No. 4, shown above. We believe there is no merit in that contention. We believe it clear that the negligence of Batey, in the first instance, in placing himself behind the truck for the purpose of unloading it, knowing that it would be backed and the possible danger of its being backed too far, is separate and distinct from the other issue of negligence, of his failing to step clear of the truck after it started backing, especially in view of testimony offered by the plaintiff, that before he was struck Batey gave to the driver of the truck a stop signal, in time to have enabled him to stop the truck before it struck Batey.

We quote the following from 41 Tex. Jur. § 360, p. 1224:

"The trial court will and it should reconcile apparent conflict in the jury's answers if this can be reasonably done in the light of the facts of the particular case, the pleadings and evidence, the manner in which the issues were submitted, and. in view of the other findings when considered as a whole. * * *

"If, upon a reasonable interpretation of the findings, it appears that they are not in real and irreconcilable conflict, then they form the proper basis for judgment."

See, also, the following decisions, which support those announcements: Elder, Dempster & Co. v. Weld-Neville Cotton Co., Inc., Tex.Com.App., 231 S.W. 102; First Nat. Bank of Amarillo v. Rush, Tex. Com.App., 246 S.W. 349; Republic Production Co. ˙ v. Collins, Tex.Civ.App., 41 S.W.2d 100; Beaumont, Sour Lake & Western R. Co. v. Cluck, Tex.Civ.App., 95 S.W.2d 1033; Stinson v. ˙Boulevard Undertaking Co., Tex.Civ.App., 91 S.W.2d 1172.

For the reasons noted, all assignments of error are overruled, and judgment of the trial court is affirmed.