### GILES v. FLANAGAN et al.

### No. 10385.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 14, 1938.

Rehearing Denied Jan. 11, 1939.

John J. Pichinson, John E. Lyle, Kleberg, Eckhardt & Lowe, and Jones & Kirkham, all of Corpus Christi, for appellant.

Robert A. Sone and T. H. Burruss, both of Corpus Christi, for appellees.

MURRAY, Justice.

This suit was instituted by Mrs. E. F. Flanagan and her husband, G. F. Flanagan, L. T. Sholars, W. J. Tiller, I. N. Conyers, and Caller-Times Publishing Company, a corporation, against Lee Ticehurst, seeking to recover on certain promissory notes alleged to be secured by a deed of trust on real property in Corpus Christi, known as the Giles Hotel, and further secured by a chattel mortgage on furniture and fixtures located therein. They also sought judgment against Dr. H. R. Giles for foreclosure of the lien and chattel mortgage. While the suit was pending W. J. Tiller died and his executors joined in as parties plaintiff. By amended pleadings the Texas State Bank and Trust Company and Z. Gossett, Commissioner of Banking of the State, were also made parties defendant.

In the fall of 1931, appellant, Giles, decided to sell his equity in the Giles Hotel

in Corpus Christi. He listed it with a real estate broker, F. M. Thomason. This broker contacted another broker, I. N. Conyers. Conyers contacted Mrs. Flanagan and Sholars, who had information concerning one Lee Ticehurst, who claimed to have an equity in three citrus groves in the Rio Grande Valley. These four brokers got the parties together and a contract of exchange was entered into between Giles and Ticehurst, on October 30, 1931. In this contract it was agreed that the brokers' commission, when earned, should be paid as follows: $4000 by Ticehurst, evidenced by notes to be secured by a lien upon the property he was to acquire from Giles, and $2500 to be paid by Giles. Giles executed a deed to the hotel property and delivered it to Thomason. Giles contends that Ticehurst fraudulently secured this deed from Thomason, recorded the same and executed notes to the brokers secured by a lien upon the hotel property. These notes so executed by Ticehurst are the basis of this lawsuit. The exchange of the properties was never fully consummated and ultimately Ticehurst reconveyed the hotel property back to Giles. One of the Ticehurst notes was transferred to the Caller-Times Publishing Company and another was transferred to W. J. Tiller, now deceased. The Texas State Bank and Trust Company, through its receiver, Z. Gossett, Commissioner of Banking, asserted a prior chattel mortgage on the furniture in the hotel. This was denied the Bank by the court and no appeal is taken therefrom, so the Bank and its Receiver need not be further considered in this opinion.

The jury found in answer to the issues submitted as follows:

1. That appellant, Dr. H. R. Giles, intended to pass title to Ticehurst when he delivered his deed.

2. That it was the intent of the parties that the real estate commissions were earned when the contract of exchange was signed.

3. That it was not agreed that the commissions would not be earned until there was an actual exchange of deeds and delivery of physical possession of the properties.

4. That Will Anderson was not in possession of the personal property in the Giles Hotel under claim of title thereto at the time the notes sued on were delivered by Ticehurst to Thomason.

5. That Ticehurst was in possession of same at such time.

6. That the plaintiffs did inquire of Anderson as to his claim to the personalty before the notes and chattel mortgage were given.

7. That Anderson disclaimed ownership of the personalty at such time.

8. That appellant, Dr. Giles, was not in possession of the Giles Hotel on November 16, 1931.

9. That Dr. Giles was not in possession of the hotel from November 10, 1931, until November 20, 1931.

10. That the actual exchange of properties was completed.

11. That the plaintiffs, Flanagan, Conyers and Sholars, were on a joint adventure with F. M. Thomason in negotiating the exchange of said properties.

12. That it was not orally agreed on November 6, 1931, between Thomason, Giles and Ticehurst, that the Commission would not become due and payable until there was an actual completion of the exchange of said properties.

Based upon these findings judgment was entered in favor of all the plaintiffs against defendant Lee Ticehurst for the principal, interest and attorney's fees provided for in the notes; and against all of the defendants for foreclosure of their real estate lien and chattel mortgage lien, except as to a one-half undivided interest in one lot.

Dr. H. R. Giles alone has prosecuted an appeal from that judgment to this Court.

■ One of the issues submitted to the jury was with reference to when the brokers' commission was to become due. Appellees contended the commission was due when the contract of exchange was executed, while Giles contended that the commission was not earned until the exchange was fully consummated, by not only delivery of deeds but actual physical delivery of the properties. While the jury was deliberating upon their answers to the issues submitted, the foreman of the jury, one Grant, told his fellow jurors, in effect, that he had had experience in the real estate business and he knew that the brokers' commission was always earned when the contract of sale or exchange was entered into, and not when possession of the property was surrendered, and that the brokers were never concerned with the validity of the title to the properties sold

or exchanged. It is not shown that these statements did not influence the jury in arriving at their answer to the issue submitting this very question to the jury. Such misconduct on the part of the jury would require a reversal of the judgment, if the issue were a material one. Moore v. Ivey, Tex.Com.App., 277 S.W. 106; St. Louis & S. W. Ry. Co. v. Mauney, 127 Tex. 286, 93 S.W.2d 377; Texas & P. Ry. Co. v. Gillette, 125 Tex. 563, 83 S.W.2d 307; Lincoln v. Stone, Tex.Com.App., 59 S.W. 2d 100.

 Thus the question arises as to whether or not, under all the circumstances, this issue was a material issue. We think it was an immaterial issue. The notes sued upon were given by Ticehurst for commission due by him. It was a matter for Ticehurst to decide when he should pay his commission rather than for Giles to decide such matter for him. The real question in the case was whether Giles had made a valid delivery of his deed so as to pass title to the hotel to Ticehurst before the notes were delivered to the brokers, and so as to give the brokers a valid lien upon the hotel property to secure the notes received by them. This question was submitted to the jury and they found in effect that Giles had made an unconditional delivery of his deed. Ticehurst being the owner of the property at the time the notes were delivered, the lien on the hotel property securing them was a valid lien. Ticehurst did not set up any failure of consideration of the notes and Giles is not in a position to set up a failure of consideration on behalf of Ticehurst. We conclude that the issue as to when the commission became due was an immaterial issue.

In McGee v. Cunningham, Tex.Civ.App., 17 S.W.2d 494, it is said, Hickman, C. J., speaking [page 496]: "But the mere fact of misconduct does not necessarily constitute reversible error. If it affirmatively appears from the record as a whole that the misconduct was with reference to immaterial issues, which should never have been submitted, or those rendered immaterial by answers to other issues, and that such misconduct did not enter into the answers to the material issues submitted, we would not be warranted in reversing the judgment of the trial court and ordering a new trial on that account."

Appellant next contends that the evidence conclusively shows that Giles was in continuous possession of the hotel prop-

erty and had never at any time parted with same, and the court should have disregarded the finding of the jury to the contrary. We are of the opinion that possession by Giles so recently after the delivery of a deed would under the law have been deemed to have been the possession of the grantee. Such possession of Giles would have been notice of no claim asserted by him and would have required no inquiry on the part of persons dealing with Ticehurst. Michna v. Crane, Tex.Civ.App., 28 S.W.2d 837; Ramirez v. Bell, Tex.Civ.App., 298 S.W. 924.

Appellant next complains of the failure of the court to submit a number of specially requested issues to the jury. There was no error in failing to submit these issues. The issues relate to matters covered by the main charge and are evidentiary matters and not ultimate issues, such as are required by the statutes to be submitted. Art. 2189, R.C.S.1925; Texas & P. R. Co. v. Ray, Tex.Civ.App., 287 S.W. 91; Northern Texas Traction Co. v. Bruce, Tex.Civ.App., 77 S.W.2d 889.

The other contentions made by appellant are without merit and are overruled.

The judgment is affirmed.