**GREER v. ROGERS et al.**

No. 2050.

Court of Civil Appeals of Texas. Waco.
Sept. 14, 1939.

Darden, Burleson & Wilson, of Waco, and J. S. Simkins, of Corsicana, and Felts, Wheeler & Wheeler, of Austin, for appellant.

Richard & A. P. Mays and Beauford H. Jester, all of Corsicana, for appellees.

GEORGE, Justice.

Mrs. May Rogers and eight children instituted suit for damages for the wrongful death of their husband and father, J. E. Rogers, against C. B. Greer, Jr., owner of truck, and Jack Broussard, operator of Chevrolet automobile, in collision on U. S. Highway No. 75. ·Mrs. Tene Costley, owner of Chevrolet automobile, intervened and asked compensation for personal injuries and damage to car. The case was tried before the court and jury and judgment was rendered in favor of the Rogers for the aggregate sum of $15,000 and in favor of intervener Costley for the sum of $661.90 against both Greer and Broussard on the jury's findings that the driver of the Greer truck and Broussard were each guilty of negligence in many respects and that each act of negligence was a proximate cause of the injuries. C. B. Greer, Jr., only, perfected appeal, so the judgment is final as to Broussard on all issues.

Appellant's truck and a Chevrolet car driven by Broussard collided, and appellant's trailer, as a result thereof, became detached and continued on its southward course and ran into the truck in which J. E. Rogers was riding and which was traveling in a northerly direction and behind the Chevrolet automobile. Appellant answered to the merits by general denial and alleged that the negligent acts and omissions of Broussard proximately caused the collision; that at least one of said acts or omissions was the sole proximate cause of the collision; that one or more of said acts or omissions was an intervening cause, and that the collision was the result of an unavoidable accident.

Appellant contends, among other things, that the jury, in deliberating upon the amount of damages to be awarded to appellees, committed material misconduct, which was prejudicial to appellant and affected the verdict; and that the trial court erred in not setting aside the judgment and verdict herein and granting a new trial for such reason.

Two of the jurors testified on the hearing for a new trial. Their testimony establishes that during the jury's deliberations on the issue of the amount of appellees' damages that (1) some of the jurors mentioned at different. times the fact that the appellant, C. B. Greer, Jr., carried indemnity or liability insurance; (2) that it was the law that Greer must carry insurance; (3) that it was mentioned that the appellant, Greer, probably could not pay that amount of judgment but that the insurance company would pay it for him; and (4) that before the matter of insurance was brought up in the jury's deliberations, the jury were of many minds, some of them being of the opinion that appellees were not entitled to recover anything as against the appellant Greer.

Thus, it is manifest that some of the jurors were guilty of material misconduct calculated to prejudice the rights of the appellant, and the rule applicable to the proposition presented is stated in the following cases: Texas & Pacific Ry. Co. v. Gillette, 125 Tex. 563, 83 S.W.2d 307, 309; Texas Company v. Betterton, 126 Tex. 359, 88 S.W.2d 1039, 1040; Page v. Thomas, 123 Tex. 368, 369, 71 S.W.2d 234; Murphey v. Blankenship, Tex.Civ.App., 120 S.W.2d 309.

In the case of Texas & Pacific Ry. Co. v. Gillette, 125 Tex. 563, 83 S.W.2d 307, 309, it was said: "The rule is definitely established by this court that, where misconduct by the jury in reaching a verdict is shown, a reversal will follow, unless the record negatives, beyond a reasonable doubt, that such misconduct influenced any juror in giving assent to the verdict." And in Texas Company v. Betterton, 126 Tex. 359, 88 S.W.2d 1039, 1040, it was said: "We here reaffirm the holding of

784

this court in Page v. Thomas, 123 Tex. 368, 71 S.W.2d 234, that it is error to bring to the jury the information or impression that the defendant carries liability insurance."

The judgment of the trial court is reversed and the cause is remanded for a new trial.