## TEXAS ELECTRIC RY. CO. v. SWOFFORD.

### No. 2401.

Court of Civil Appeals of Texas. Waco.

March 5, 1942.

John Abney, of Hillsboro, for appellant.

W. L. Wray, of Hillsboro, for appellee.

HALE, Justice.

Dewey Swofford sued Texas Electric Railway Company in the County Court for the recovery of damages on account of personal injuries. He alleged, in substance, that he boarded defendant's electrically propelled passenger car at Hillsboro, Texas, and while in the act of being seated, the operator negligently started the car forward with an unusually sudden jerk which threw him against the arm of the seat and injured him. Defendant answered with a general denial, pleas of contributory negligence and affirmatively alleged that the injuries were the result of an unavoidable accident. The case was submitted to a jury on special issues and upon their verdict the court rendered judgment of $500 for plaintiff. The defendant has appealed.

By appropriate assignments, appellant asserts that the judgment should be reversed because of misconduct of the jury. We have concluded that these assignments must be sustained. The evidence was sharply drawn on the issues of liability and the amount thereof. It was shown upon the hearing of appellant's motion for new trial that when the jury retired to consider their verdict, the fact that appellee would have to pay his attorney out of his recovery was discussed; that the jury then agreed to allow appellee $500 as damages before arriving at an answer to any other issue; that they then undertook to answer the other issues submitted in such way as to make their answer to the damage issue "stand up"; that when they reached the last issue in the court's charge, they found the injuries were the result of an unavoidable accident but later decided that such answer would not carry out their purpose to allow appellee a recovery of $500 and they then changed such answer so as to find that the injuries were not the result of an unavoidable accident.

In a damage suit for personal injuries, it is improper for any of the jurors to mention or discuss the fact that the injured claimant may have to pay his attorney out of his recovery. St. Louis S. W. Ry. Co. of Texas v. Lewis, Tex.Com.App.,

5 S.W.2d 765; Texas & P. Ry. Co. v. Van Zandt, Tex.Com.App., 44 S.W.2d 950; Texas & P. Ry. Co. v. Gillette, 125 Tex. 563, 83 S.W.2d 307.

Furthermore, when an action for damages on account of personal injuries is submitted to a jury on special issues, it is improper for the jurors or any of them to agree in advance upon the amount of the damages to be awarded and then undertake to answer the issues on liability in such way as to carry out the original agreement. Bradshaw v. Abrams, Tex. Com.App., 24 S.W.2d 372; Simmonds v. St. Louis, B. & M. R. Co., Tex.Com.App., 29 S.W.2d 989; Dallas Ry. & Terminal Co. v. Garrison, Tex.Com.App., 45 S.W. 2d 185.

In view of what we have said, the other errors assigned become immaterial to a correct disposition of this appeal, and as the matters therein complained of will not likely arise in the same way upon another trial, we shall not discuss them.

Because of the misconduct of the jury, the judgment of the trial court is reversed and the cause is remanded.