**J. B. MARION d/b/a J. B. Marion & Company, Appellant,**

v.

**Billy SNIDER, Appellee.**

No. 7290.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 14, 1963.

Rehearing Denied Nov. 11, 1963.

 

Edward W. Napier, Lubbock, for appellant.

Brown & Shuman, Lubbock, for appellee.

DENTON, Chief Justice.

Appellee, Billy Snider, sued appellant J. B. Marion & Company for damages alleging the breach of a contract to purchase the 1961 cotton crop of appellee. The jury's answers to the special issues submitted were favorable to appellee and the trial court's judgment was accordingly rendered for appellee.

Appellee alleged that on July 11, 1961, the parties hereto entered into a written contract by which appellant agreed to purchase the entire 1961 cotton crop of appellee at 29.50 cents per pound. Appellee produced 114 bales of cotton and upon his tender of such cotton appellant, through his agents, failed and refused to accept the cotton. Thereupon, appellee sold said cotton to another purchaser for 27.75 cents per pound. The trial court entered judgment for the difference between the contract price and the price received by appellee.

■ Appellant's only point of error attacks the form of the special issue submitted relative to the measure of damages. The special issue complained of read:

"Do you find from a preponderance of the evidence that Billy Snider exercised ordinary care to sell such 114 bales of cotton for a fair market value?"

The jury answered in the affirmative. It is appellant's contention such issue is a general charge, duplicitous, and is not determinative of the issue of fair market value. As we understand it, appellant does not question the correctness of the measure of damages being sought, to-wit, the difference between the contract price and the fair market value, but attacks the form of the issue as submitted. It is appellant's position the issue as framed submits two issues in one, and in effect is submitting the question of appellee's exercise of ordinary care and the issue of the fair market value. It is well settled that where a buyer has wrongfully refused to accept delivery of goods, the seller has a choice of three remedies. One of these remedies is the one pursued by appellee which is to retain possession of the goods and sue for the difference between the contract price and the fair market value. Waples v. Overaker, 77 Tex. 7, 13 S.W. 527; Smith v. Ratliff, Tex.Civ. App., 157 S.W.2d 945.

■ Upon making the election to resell the goods, the seller thereby makes himself the agent of the buyer. White v. Matador Land & Cattle Company, 75 Tex. 465, 12 S.W. 866; Burleson & Baker v. Sugarland Industries, Tex.Com.App., 255 S.W. 165. It is then incumbent upon the seller to protect the buyer's interest by acting as a man of ordinary prudence under similar circumstances. Texas & Louisiana Lumber Company v. Rose, Tex.Civ.App., 103 S.W. 444; Waples v. Overaker, Supra; Elizondo v. Regan, Tex.Civ.App., 37 S.W.2d 1058, (Reversed on other grounds), Tex.Com. App., 55 S.W.2d 540; 37A Tex.Jur., Sales, Section 272, page 564. The special issue as submitted properly reflected the burden the law places on appellee, and is not subject to the objections made by the appellant. We conclude the form of the issue is proper and is amply supported by the pleadings and the uncontroverted evidence.

Being of the opinion the record reflects no reversible error, the judgment of the trial court is affirmed.

Affirmed.